# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF NEW YORK

_____
STEPHEN COMPAGNI, INDIVIDUALLY
AND AS SOLE OFFICER OF ECONOMY
PAVING, INC.,

           Plaintiffs,

   vs.

TOWN OF CORTLANDVILLE, TOWN OF
CORTLANDVILLE PLANNING BOARD,
JOHN DELVECCHIO, in his Individual and
Official Capacity, JOHN FOLMER, in his
Individual and in his Official Capacity,
KATHERINE WICKWIRE, in her Individual
and in her Official Capacity, CHRISTOPHER
NEWELL, Individually and in his Official
Capacity, NICHOLAS RENZI, Individually
and in his Official Capacity, NASRIN
PARVIZI, Individually and in her Official
Capacity, BRUCE WEBER, Individually and
in his Official Capacity, RICHARD TUPPER,
Individually and in his Official Capacity, and
DOES 1-100,

           Defendants.

**CIVIL ACTION NO.5:20-cv-00489-GTS-ATB**

**AMENDED COMPLAINT FOR DAMAGES**

**A. FEDERAL CLAIMS**

1. **VIOLATION OF CIVIL RIGHTS ILLEGAL SEIZURE FOURTH AMENDMENT (42 U.S.C. § 1983)**
2. **VIOLATION OF CIVIL RIGHTS MALICIOUS PROSECUTION FOURTH AMENDMENT (42 U.S.C. § 1983)**
3. **VIOLATION OF CIVIL RIGHTS FOURTEENTH AMENDMENT (42 U.S.C. § 1983)**
4. **VIOLATION OF CIVIL RIGHTS CONSPIRACY TO VIOLATE CIVIL RIGHTS (42 U.S.C. § 1985)**
5. **VIOLATION OF CIVIL RIGHTS FOURTEENTH AMENDMENT EQUAL PROTECTION "CLASS OF ONE" (42 U.S.C. § 1983)**
6. **MONELL CLAIM AGAINST TOWN OF CORTLANDVILLE 42 U.S.C. § 1983**

**B. STATE CLAIMS**
7. **TRESPASS;**
8. **MALICIOUS PROSECUTION;**
9. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**
10. **NEGLIGENT TRAINING, DISCIPLINE, RETENTION, AND SUPERVISION;**

**JURY TRIAL DEMANDED**

# Table of Contents

I. INTRODUCTION..................................................................................................................... 1

II. PARTIES .............................................................................................................................. 1

IV. RESPONDEAT SUPERIOR ..................................................................................................... 1

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES ..................................................................... 2

VI. JURISDICTION .................................................................................................................... 2

VII. VENUE .............................................................................................................................. 2

VIII. STATEMENT OF FACTS...................................................................................................... 2

IX. DAMAGES ......................................................................................................................... 5

FIRST CAUSE OF ACTION .......................................................................................................... 5

FOURTH AMENDMENT CLAIM FOR ILLEGAL SEIZURE ..................................................................... 6

SECOND CAUSE OF ACTION ...................................................................................................... 7

THIRD CAUSE OF ACTION ......................................................................................................... 8

FOURTH  CAUSE OF ACTION ..................................................................................................... 9

FIFTH CAUSE OF ACTION ........................................................................................................ 11

SIXTH CAUSE OF ACTION ....................................................................................................... 13

MONELL CLAIM: TOWN OF CORTLANDVILLE'S LIABILITY FOR FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS
....................................................................................... ERROR! BOOKMARK NOT DEFINED.
EVIDENCE OF A POLICY AND CUSTOM AND PRACTICE OF CONSTITUTIONAL VIOLATIONS ERROR! BOOKMARK NOT DEFINED.

SEVENTH CAUSE OF ACTION.................................................................................................... 16

EIGHTH CAUSE OF ACTION ..................................................................................................... 16

**NINTH CAUSE OF ACTION**..........................................................................................................**17**

**TENTH CAUSE OF ACTION**..........................................................................................................**18**

**PRAYER FOR RELIEF**..................................................................................................................**19**

# I. INTRODUCTION

1.      PLAINTIFF, STEHPHEN COMPAGNI, individually and as sole Officer of Economy Paving, Inc., by his attorney, JESSE P. RYDER, ESQ**.,** allege the following facts in support of PLAINTIFF's COMPLAINT to vindicate his constitutional, statutory and common law rights.

# II. PARTIES

2.      PLAINTIFF, STEPHEN COMPAGNI is a citizen of the United States and a resident of the County of Cortland, Town of Homer, New York.

3.      ALL DEFENDANTS are "Persons," i.e., officers employed by DEFENDANT TOWN OF CORTLANDVILLE, individually and in their official capacity.

4.      Defendant TOWN OF CORTLADVILLE PLANNING BOARD is a division of the TOWN OF CORTLANDVILLE, a governmental organization of the State of New York.

5.      Defendant TOWN OF CORTLANDVILLE is a governmental organization of the State of New York.

# III. DOE DEFENDANTS

6.      PLAINTIFF does not know the true names and capacities, whether individual, corporate, associate, or otherwise of DEFENDANT Does 1 through 100 inclusive, and therefore sue these Defendants by such fictitious names. PLAINTIFF will amend his complaint to allege their true names and capacities when this has been ascertained.

# IV. RESPONDEAT SUPERIOR

### *Respondeat Superior*

7.      PLAINTIFF claims that the TOWN OF CORTLANDVILLE is liable under the theory of respondeat superior for all individual DEFENDANTS' unreasonable seizure, malicious prosecution, violations of State and Federal constitutional rights and other violations of State and Federal law. Cities may be held vicariously liable for state law torts committed by municipal officers under a theory of respondeat superior. See *Williams v. VILLAGE of White Plains,* 718 F. Supp. 2d 374, 381 (S.D.N.Y. 2010). The respondeat superior claim against the TOWN OF CORTLANDVILLE regarding all individual Defendants is thus a valid claim establishing liability against the TOWN OF CORTLANDVILLE.

# V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

### *Notice of Claim (GML 50-E)*

8.     Plaintiffs have complied with all conditions precedent, including filing of a Notice of Claim under General Municipal Law § 50-e, which only applies to State Law Causes of Action; these requirements are not applicable to PLAINTIFF's Federal Claims asserted pursuant to 42. U.S.C. §1983. A notice of claim is not a condition precedent to a cause of action, asserted pursuant to 42 USC § 1983, which seeks to recover damages premised on violations of federal civil or constitutional rights under color of state law.[1]

# VI. JURISDICTION

9.     This Court has jurisdiction over this lawsuit because the suit arises under 42 U.S.C. § 1983 and asserts facts showing that DEFENDANTS, and each of them, acted willfully, deliberately and pursuant to a policy, custom and practice, and with reckless disregard of PLAINTIFF's established Federal and State Constitutional rights.

# VII. VENUE

10.     Venue is proper in this district under 28 U.S. C. § 1391 (b) (1) because DEFENDANT's reside in this district and PLAINTIFF resides at 1657 Lighthouse Hill Road, Homer, New York. Venue is also proper in this district under 28 U.S.C§1391 (b) (2) because the events, acts and omissions giving rise to this claim occurred in this district.

# VIII. STATEMENT OF FACTS

11.     Despite PLAINTIFF STEPHEN COMPAGNI'S ("PLAINTIFF") notice to the TOWN OF CORTLANDVILLE ("TOWN") that he was out of the United States and unable to attend the TOWN's PLANNING BOARD ("PLANNING BOARD") meeting scheduled on September 26, 2017, the PLANNING BOARD proceeded with said hearing in PLAINTIFF's absence. Thereafter, the PLANNING BOARD unanimously found that the evidence adduced at the September 26, 2017's hearing substantiated the PLANNING BOARD's decision to revoke the conditional use permit for Economy Paving, Inc., PLAINTIFF'S construction corporation effectively resulting in crippling PLAINTIFF's ability to conduct Economy Paving's  business, including the employment

---

[1]  see *Felder v Casey*, 487 U.S. 131; *Rowe v NYCPD*, 85 AD3d 1001, 1002 [2d Dept 2011]

of two hundred and fifty employees residing in Cortland County for over seventy years. The PLANNING BOARD's revocation of PLAINTIFF's conditional use permit was ordered, not upon any scientific analysis or rationale and/or proffered engineering or environmental report, but merely and inconceivably upon the sole testimony of a disgruntled and revengeful contiguous neighbor. The TOWN's decision to revoke PLAINTIFF's conditional use permit had already been predetermined at the PLANNING BOARD's previous Hearing on August 29, 2017, as evidenced by Planning Board Member DEFENDANT NICHOLAS RENZI's audacious proposition to the PLANNING BOARD that: "Let's do whatever we have to do to put him [PLAINTIFF] on notice and not wait for another meeting, 30 days from now, but immediately get this thing straightened out now and say your Conditional Permit is hereby revoked..."

12.     At the time that the PLANNING BOARD decided upon the imminent revocation of the PLAINTIFF's conditional use permit, Planning Board Member, DEFENDANT JOHN DELVECCHIO was legal counsel for and actively representing at least one litigant who was engaged in active litigation against PLAINTIFF. As such, DEFENDANT JOHN DELVECCHIO was undertaking his role as a Planning Board Member for the PLANNING BOARD with respect to PLAINTIFF's conditional use permit while engaged in a direct and un-waivable conflict of interest and actively concealed this conflict of interest from the PLAINTIFF and PLAINTIFF's counsel.

13.     For over ten months following the PLANNING BOARD's revocation of PLAINTIFF's conditional use permit, DEFENDANT JOHN FOLMER, who at the time was the TOWN's Attorney, who had been replaced by DEFENDANT JOHN DELVECCHIO during the course of the actions which have given rise to this complaint, affirmatively represented to PLAINTIFF that a resolution of the PLANNING BOARD's acknowledged deficient process and unsubstantiated result was forthcoming and that as a result, the TOWN would refrain from filing criminal charges against PLAINTIFF and would reissue his conditional use permit forthwith.

14.     DEFENDANT JOHN FOLMER made multiple representations to PLAINTIFF and PLAINTIFF's counsel that there was no reason to appeal the PLANNING BOARD's decision to revoke the PLAINTIFF's conditional use permit because a resolution was forthcoming and the permit would be returned forthwith. After the time to appeal the revocation had passed, it became clear that DEFENDANT JOHN FOLMER was purposely misleading PLAINTIFF in order to avoid having the PLANNING BOARD's revocation reversed upon multiple grounds, including,

but not limited to, holding a hearing without the PLAINTIFF being present despite knowledge he was out of town, failure to have any scientific or engineering evidence of the PLAINTIFF's alleged violations before revoking the permit and having a voting member of the PLANNING BOARD, DEFENDANT JOHN DELVECCHIO who was representing at least one individual in litigation against the PLAINTIFF at the time of the revocation.

15.     However, on or about July, 2018, the TOWN abruptly and disingenuously changed its above course of action when the same disgruntled and revengeful neighbor whose testimony solely supported the PLANNING BOARD's revocation order sued the TOWN in State Supreme Court seeking to have the TOWN take further action against PLAINTIFF's conditional use permit. In direct response to this lawsuit, TOWN Officers, DEFENDANT's JOHN FOLMER and RICHARD TUPPER conspired in filing criminal charges against PLAINTIFF without any intention of prosecuting such charges but with the sole intention of diminishing and defending against the TOWN's liability for conduct alleged in State Supreme Court.

16.     As the TOWN's Town Attorney, DEFENDANT JOHN FOLMER continually sought adjournments from the Town of Cortlandville's Justice Court by consistently representing that the matter against PLAINTIFF pertaining to his permit violation was soon to be resolved. DEFENDANT TOWN forced PLAINTIFF to jump through various hoops including remediation of his existing storm water system and the production of an engineering report. In order to consummate its assurances that it would favorably resolve and restore PLAINTIFF's conditional use permit, DEFENDANT TOWN hired its own engineer to verify PLAINTIFF's engineering report which in fact, resulted in the TOWN's report affirmatively supporting the very same conclusions asserted in PLAINTIFF's engineering report.

17.     On or about January 1, 2019 DEFENDANT JOHN FOLMER resigned as Town Attorney and was succeeded by DEFENDANT JOHN DELVECCHIO. On account of DEFENDANT JOHN DELVECCHIO's blatant and surreptitious conflict of interest on account of his legal representation of a party who was in active litigation with PLAINTIFF while engaging in his role on the PLANNING BOARD and his role on the PLANNING BOARD, DELVECCHIO was affirmatively recused from prosecuting PLAINTIFF's criminal case. PLAINTIFF's criminal case was subsequently assumed by the Cortland County District Attorney's Office.

18.     On September 5, 2019, upon motion of the District Attorney and with the consent of DEFENDANT RICHARD TUPPER, the criminal case against PLAINTIFF was unconditionally

dismissed where DEFENDANT RICHARD TUPPER stated upon the record that PLAINTIFF's conditional use permit would be reinstated without further need of additional engineering reports.

19.     Despite stating on the record that it would reinstate PLAINTIFF's conditional use permit without further need of additional engineering reports, DEFENDANT TOWN OF CORTLANDVILLE subsequently reneged on its declaration by requiring PLAINTIFF to provide yet another engineer's report and in doing so, had violated the terms of its agreement with PLAINTIFF; thus propounding and perpetuating its violation of PLAINTIFF's constitutional rights.

## IX. DAMAGES

20.     PLAINTIFF's damages include, but are not limited to, the following: economic damage, severe damage to his professional reputation, mental and emotional distress, humiliation, fear, and discomfort, loss of enjoyment of life, inconvenience and suffering, physical and psychic injuries, headaches, nightmares, insomnia, and misery. The injuries, illnesses and harms caused, and continue to cause, PLAINTIFF to seek and obtain professional treatment and ongoing medical care for his injuries, illnesses and medical conditions, and to incur expenses, loss of income, medical bills, loss of work benefits all caused by the DEFENDANTS, and each of them.

## FEDERAL LAW CLAIMS

### FIRST CAUSE OF ACTION
**Violation Of United States Civil Rights Laws**
**42 U.S.C. Sections 1983**
**Illegal Seizure**
**(Against all Defendants)**

21.     PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

22.     Federal Law 42. U.S.C. § 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

**Fourth Amendment Claim For Illegal Seizure**

The Fourth Amendment protects individuals from illegal seizure and malicious prosecution as defined in *Sodal v. Cook County,* 506 US 56 (1992); *Manuel v. City of Joliet, Illinois, et al.*,

23.     DEFENDANTS illegally seized PLAINTIFF's conditional use permit without Due Process. DEFENDANTS proceeded with a permit revocation hearing despite being on notice that PLAINTIFF was out of town and unable to attend the hearing. DEFENDANTS' proceeded with said hearing in PLAINTIFF's absence and upon its culmination, revoked PLAINTIFF's conditional use permit based upon the sole testimony of a disgruntled and revengeful contiguous neighbor without resorting to any scientific analysis, rationale and/or proffered engineering or environmental reports.

24.     Approximately ten months after the revocation of PLAINTIFF's conditional use permit, DEFENDANTS, in an attempt to defend against potential liability from a civil suit brought by the disgruntled and revengeful neighbor, filed charges against PLAINTIFF despite having no intent to fully prosecute such charges.

25.     For approximately the same ten months after revoking PLAINTIFF's conditional use permit, DEFENDANT JOHN FOLMER perpetually promised PLAINTIFF that his conditional use permit would be reissued and that no criminal charges would be filed against him. It was only in response to a civil suit and DEFENDANT's need to refute and defend against accusations in that suit claiming that DEFENDANT TOWN acted with malfeasance in enforcing its zoning ordinances, did DEFENDANT JOHN FOLMER and the TOWN file unsubstantiated charges without probable cause against PLAINTIFF causing him both substantial economic and reputational harm. Once criminal charges were filed, DEFENDANT JOHN FOLMER continually adjourned prosecuting PLAINTIFF's charges and represented to PLAINTIFF and the Town Court that said charges would be dropped as the TOWN had no intention to prosecute the charges and that they would unconditionally reissue PLAINTIFF's permit. Despite DEFENDANTS' above representations DEFENDANTS persisted in prosecuting these charges for approximately **two years.** Then DEFENDANT JOHN FOLMER resigned and his replacement DEFENDANT JOHN DELVECCHIO was disqualified from prosecuting the charges on account of his blatant and surreptitious conflict of interest. Thereafter, the Cortland County District Attorney's office took over prosecuting the TOWN's case. Once the case was assigned to Cortland County District

Attorney's office who, after assessing the strength of the TOWN's case, promptly dismissed the criminal charges against PLAINTIFF.

26.     At all times PLAINTIFF was well protected by his Fourth Amendment rights enshrined under the United States Constitution.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
### Violation Of United States Civil Rights Laws
### 42 U.S.C. Sections 1983
### Malicious Prosecution
### (Against all Defendants)

27.     PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

28.     DEFENDANTS' illegally seized PLAINTIFF's conditional use permit without Due Process. DEFENDANTS' proceeded with a permit revocation hearing despite being on notice that PLAINTIFF was out of town and unable to attend the hearing. DEFENDANTS' proceeded with said hearing in PLAINTIFF's absence and upon its culmination, revoked PLAINTIFF's conditional use permit based upon the sole testimony of a disgruntled and revengeful contiguous neighbor without resorting to any scientific analysis, rationale and/or proffered engineering or environmental reports.

29.     Approximately ten months after the revocation of PLAINTIFF's conditional use permit, DEFENDANTS, in an attempt to defend against potential liability from a civil suit brought by the disgruntled and revengeful neighbor, filed charges against PLAINTIFF despite having no intent to fully prosecute such charges.

30.     For approximately the same ten months after revoking PLAINTIFF's conditional use permit, DEFENDANT JOHN FOLMER continually promised PLAINTIFF that his conditional use permit would be reissued and that no criminal charges would be filed against him. It was only in response to a civil suit and DEFENDANT's need to refute and defend against accusations in that suit claiming that DEFENDANT TOWN acted with malfeasance in enforcing its zoning ordinances, did DEFENDANT JOHN FOLMER and the TOWN file unsubstantiated charges without probable cause against PLAINTIFF causing him both substantial economic and reputational harm. Once criminal charges were filed, DEFENDANT JOHN FOLMER continually adjourned prosecuting PLAINTIFF's charges and represented to PLAINTIFF and the Town Court

that said charges would be dropped as the TOWN had no intention to prosecute the charges and that the TOWN would unconditionally reissue PLAINTIFF's use permit. Despite DEFENDANTS' above representations, DEFENDANTS' persisted in promising the dismissal of charges and the reinstatement of PLAINTIFF's use permit for approximately **two years.** Thereafter, DEFENDANT JOHN FOLMER resigned and his replacement, DEFENDANT JOHN DELVECCHIO was disqualified from prosecuting the charges on account of his blatant and surreptitious conflict of interest in serving as a BOARD member while simultaneously serving as legal representation for parties who were in active litigation against PLAINTIFF. Upon DELVECCHIO's disqualification, the Cortland County District Attorney office took over the prosecution. Thereafter, the Cortland County District Attorney's office, upon assessing the strength of the TOWN's case, dismissed the criminal charges.

31. At all times PLAINTIFF was well protected by his Fourth Amendment rights enshrined under the United States Constitution.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth

### THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983
### VIOLATION OF DUE PROCESS
### (Against All Defendants)

32. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

33. Federal Law 42. U.S.C. § 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

34. DEFENDANTS revoked PLAINTIFF's conditional use permit without allowing PLAINTIFF to attend and thus, an ability to address the PLANNING BOARD's concerns which were unilaterally provided to them by an angry and revengeful neighbor. DEFENDANTS' revoked PLAINTIFF's conditional use permit without reliance on any scientific data and/or engineering report but acted in a knee-jerk fashion as evidenced by the statement made by DEFENDANT

PLANNING BOARD member NICHOLAS RENZI at the August 2017 meeting, whereby he stated: "Let's do whatever we have to do to put him on notice and not wait for another meeting, 30 days from now, but immediately get this thing straightened out now and say your Conditional Permit is hereby revoked..."

35.     DEFENDANTS, in an attempt to protect themselves from civil liability, filed criminal charges against PLAINTIFF, despite having no probable cause nor intention to fully prosecute these charges.

36.     DEFENDANTS intentionally permitted these charges to linger for approximately two years because they were well aware that their actions had unequivocally violated PLAINTIFF's civil rights and thereby, sought means of covering up their wrongdoing.

37.     DEFENDANT JOHN DELVECCHIO was well aware that he had a conflict of interest when acting as a Planning Board Member on account of his simultaneous legal representation of at least one litigant against PLAINTIFF on several peripheral claims in State Supreme Court actions. DEFENDANT DELVECCHIO concealed this conflict from PLAINTIFF and used his position on the Planning Board to further his intention to harm and weaken PLAINTIFF in order to further his client's position in unconnected civil court actions.

38.     At all times PLAINTIFF was well protected by his rights under the Fourteenth Amendment to the United States Constitution.

    WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1985
### CONSPIRACY TO VIOLATE
### THE PLAINTIFF'S CIVIL RIGHTS
### (Against All Defendants)

39.     PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

40.     42 U.S.C. § 1985 (3) states in part: "…[I]f one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the

recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

41.     Despite the PLANNING BOARD revoking PLAINTIFF's conditional use permit, while knowingly violating PLAINTIFF's Due Process Rights and while DEFENDANT JOHN DELVECCHIO was concealing his un-waivable conflict of interest, DEFENDANTS' JOHN FOLMER AND RICHARD TUPPER persistently and continually assured PLAINTIFF that his use permit would be reissued and that no charges would be filed against him. Only after an angry and revengeful neighbor filed suit against DEFENDANT TOWN for its malfeasance and negligence in enforcing its zoning laws against PLAINTIFF, did DEFENDANT TOWN decide to file criminal charges in order to shield itself from civil liability.

42.     Upon realizing that the TOWN was facing liability on account of a civil suit, DEFENDANTS JOHN FOLMER AND RICHARD TUPPER, conspired in filing criminal charges against the PLAINTIFF without any intention of prosecuting said charges.

43.     DEFENDANT JOHN FOLMER assured the PLAINTIFF that all charges would be dropped. DEFENDANT JOHN FOLMER continually adjourned court dates at the presiding Town Court which intentionally misled the Town Court by assuring it that the matter would be resolved through negotiations with PLAINTIFF.

44.     DEFENDANT JOHN FOLMER retired at the end of 2018 and passed this matter onto the new Town Attorney DEFENDANT JOHN DELVECCHIO.

45.     DEFENDANT JOHN DELVECCHIO was forced to recuse himself as prosecuting attorney on account of a blatant conflict of interest. The Cortland County District Attorney's Office took over the prosecution.

46.     On or about July 2019 and after PLAINTIFF's use permit was revoked and frivolous charges were filed against him, the TOWN had hired an engineer to review PLAINTIFF's engineering report but were extremely displeased when the Engineer's report substantiated PLAINTIFF's grounds for the return of his permit. Despite such, DEFENDANT's persisted in illegally seizing PLAINTIFF's property and allowing criminal charges to linger against him. In failing to procure any engineering or scientific basis for revoking PLAINTIFF's use permit, the

PLANNING BOARD, in recognizing its own and DEFENDANT TOWN's exposure to future liability, persisted in requiring PLAINTIFF to submit yet another engineering report in order to obtain a 'second bite of the apple' where the first bite resulted in its own Engineer substantiating PLAINTIFF's original report. DEFNDANTS' request for this additional engineering report came after TOWN's repeated assertions on the record that it would reinstate PLAINTIFF's use permit without requiring submission of an additional engineering report.

47. For approximately nine months, PLAINTIFF sought and demanded a trial whose date was finally scheduled for September of 2019. On the eve of trial and after taking a closer look at the existing evidence and the viability of charges levied against PLAINTIFF, the District Attorney unequivocally dropped the criminal charges brought against PLAINTIFF.

48. PLAINTIFF was forced to endure the financial and emotional hardship that these bogus charges caused him for approximately two years, only to have them finally dismissed on account of the frivolousness of the charges.

49. At the time the charges were dismissed DEFENDANT RICHARD TUPPER stated on the court record that the PLAINTIFF's conditional use permit would be reinstated and that no further engineering reports would be required.

50. The DEFENDANT PLANNING BOARD and each member INDIVIDUALLY has, and continues to conspire to deprive the PLAINTIFF of his property and to deprive him of his Due Process with the intentional aim of seeking to justify their initial and perpetuating illegal seizure.

51. At all times PLAINTIFF was well protected by his Fourth and Fourteenth Amendment rights enshrined under the United States Constitution.
WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**42 U.S.C. § 1983**
**EQUAL PROTECTION "CLASS OF ONE"**
**(Against All Defendants)**

52. PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

53.     Federal Law 42. U.S.C. § 1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." It is a violation of the Fourteenth Amendment to single-out individuals for Disparate Treatment as defined in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

54.     DEFENDANTS revoked PLAINTIFF's conditional use permit without allowing PLAINTIFF to attend the PLANNING BOARD's revocation hearing which otherwise foreclosed PLAINTIFF from the opportunity to respond to the PLANNING BOARD's concerns which were unilaterally provided to them by an angry and revengeful neighbor. DEFENDANTS' revoked PLAINTIFF's conditional use permit without reliance on any scientific data and/or engineering report but acted in a knee-jerk fashion as evidenced by the statement made by DEFENDANT PLANNING BOARD member NICHOLAS RENZI at the August 2017 meeting, whereby he stated: "Let's do whatever we have to do to put him on notice and not wait for another meeting, 30 days from now, but immediately get this thing straightened out now and say your Conditional Permit is hereby  revoked..."

55.     DEFENDANTS, in an attempt to protect themselves from civil liability, filed criminal charges against PLAINTIFF, despite having no probable cause nor intention to fully prosecute these charges.

56.     DEFENDANTS intentionally permitted these charges to linger for approximately two years because they were well aware that their actions had unequivocally violated PLAINTIFF's civil rights and thereby, sought means of covering up their wrongdoing.

57.     DEFENDANT JOHN DELVECCHIO was well aware that he had a conflict of interest when acting as a Planning Board Member on account of his simultaneous legal representation of at least one litigant against PLAINTIFF on several peripheral claims in State Supreme Court actions. DEFENDANT DELVECCHIO concealed this conflict from  PLAINTIFF and used his position on the Planning Board to further his intention to harm and weaken PLAINTIFF in order to further his client's position in unconnected civil court actions.

58.     The angry and disgruntled neighbor whose sole testimony was the grounds for the revocation of the PLAINTIFF's conditional use permit was himself the subject of a similar revocation and despite operating his business for approximately two years without a permit, was never criminally charged. DEFENDANTS' TOWN OF CORTLANDVILLE and JOHN FOLMER only sought to charge PLAINTIFF as a means of covering up the TOWN's wrongdoing and in undertaking such, intentionally singled-out PLAINTIFF for this unprecedented prosecution.

59.     The PLANNING BOARD singled out PLAINTIFF for disparate treatment by deciding to revoke PLAINTIFF's conditional use permit prior to the September hearing, for which the PLAINTIFF was unable to attend, as evidenced by  DEFENDANT NICHOLAS RENZI's statement at the August 2017 PLANNING BOARD meeting, whereby he stated: "Let's do whatever we have to do to put him on notice and not wait for another meeting, 30 days from now, but immediately get this thing straightened out now and say your Conditional Permit is hereby revoked..."

60.     PLAINTIFF was singled-out for revocation of his use permit, prosecuted criminally for two years and then denied the return of his permit on account DEFENDANTS' vindictive and malicious cover up of their continual and consistent violations of PLAINTIFF's constitutional rights as outlined herein.

61.     At all times PLAINTIFF was well protected by his rights under the Fourteenth Amendment to the United States Constitution.

        WHEREFORE, PLAINTIFF prays for judgment as hereinafter set forth.

<u>**SIXTH CAUSE OF ACTION**</u>
**Monell Claim**
**42 U.S.C. § 1983**
**(Against Defendant Town of Cortlandville)**

62.     Plaintiffs hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

63.     A municipality may be held liable for the constitutional violations of its officers as defined in *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

64.     At the time of PLAINTIFF's arrest and revocation of his conditional use permit, all DEFENDANTS were acting under color of law of the State of New York and the TOWN of Cortlandville. DEFENDANT TOWN has a policy, custom, practice and pattern of conduct in place that enables it agents, employees, and officers to act with deliberate indifference to the constitutional rights of individuals. This policy, custom, practice and pattern of conduct, includes, but is not limited to, a failure to supervise and discipline misconduct by its Town Attorneys, PLANNING BOARD members, and Town Supervisor.

65.     PLAINTIFF asserts that the TOWN is liable for any and all constitutional violations committed by its individual officers on account of the TOWN maintaining a custom, policy and pattern and practice of failing to exercise reasonable care in training, supervising and hiring its Officers. PLAINTIFF further alleges that the TOWN maintains a custom, policy, pattern and practice of inaction regarding disciplining its Officers for constitutional violations; and a custom, policy, practice and pattern of failing to discipline or hold accountable its officers for violating the constitutional rights of its citizens. PLAINTIFF also alleges that DEFENDANT PLANNING BOARD perpetuates an inadequate policy that fails to identify and address conflicts of interest that, like here, lead to constitutional violations including illegal seizures, personal vendettas, malicious prosecutions, and violations of due process. DEFENDANT TOWN's policy, custom, practice and pattern were a motivating factor causing a deprivation of PLAINTIFF's constitutional rights.

66.     There exists an urgent necessity for the TOWN to impose a clear policy that firmly addresses conflicts of interest on the part of its officers and employees, as well as supervision and training that addresses a citizen's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution. PLAINTIFF hereby requests a Declaratory Judgment designating that DEFENDANT TOWN's conflict of interest policy, as well as its policy pertaining to supervision and training regarding citizen constitutional rights is inadequate and presents a clear and present danger of deprivation of the constitutional rights of persons who have contact with DEFENDANT PLANNING BOARD and its Town Attorney.

67.     Under *Monell,* local governments and their agencies can be sued as "persons" under § 1983 and may be liable where a government policy or custom gives rise to a constitutional deprivation. A "custom" does not require official sanction; instead, a custom "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Thus, the elements of a *Monell* claim include: 1) an official policy or custom that, 2) causes the plaintiff to be subjected to, 3) a deprivation of a constitutional right. [2]

68.     An "official policy or custom" can be shown in several ways: (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; and (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come in contact with the municipal employees. [3]

69.     The record of this case, based on investigation, research, and complaints to DEFENDANT TOWN, shows a pattern, practice, custom and policy of the TOWN OF CORTLANDVILLE in failing to respect, uphold and enforce the constitutional rights of the citizens of the Town of Cortlandville. DEFENDANTS' failure to discipline, train and supervise its Town Officers under its control has resulted in the illegal seizure, malicious prosecution, false arrest and civil rights violations of PLAINTIFF, as well as many other law-abiding citizens of Cortlandville. DFENDANTS' actions and inactions as the government officials responsible for establishing municipal policies relating to discipline, training and supervision of the TOWN's Officers have been the motivating factor in the deprivation of PLAINTIFF's constitutional rights, as well as countless other victims of official misconduct in the Town of Cortlandville.

70.     The inaction and malfeasance of the TOWN's Mayor and Town Supervisor resulted in the direct and proximate cause of PLAINTIFF's constitutional violations and resulting harms. DEFENDANT TOWN's policy, custom and practice of inaction, lack of discipline and lack of training of its Town Officers led DEFENDANT TOWN PLANNING BOARD MEMBER NICHOLAS RENZI, to declare during the August hearing: "Let's do whatever we have to do to

---

[2] *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1987).
[3] *Dorsett-Felicelli v. C'nty of Clinton*, 371 F. Supp. 2d 183, 194 (N.D.N.Y. 2005) (citing Monell, 436 U.S at 690, Pembaur v. VILLAGE of Cincinnati, 475 U.S. 469, 483-84 (1986), and *VILLAGE of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

put him on notice and not wait for another meeting, 30 days from now, but immediately get this thing straightened out now and say your Conditional Permit is hereby revoked...", thereby creating a cascading series of events resulting in the deprivation of Civil Rights and Malicious Prosecution of PLAINTIFF.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.


## STATE LAW CLAIMS


### SEVENTH CAUSE OF ACTION
### TRESPASS
### (Against Defendant Bruce Weber)

71.     PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

72.     PLAINTIFF alleges that he is the owner of Economy Paving, Inc., and that DEFENDANT BRUCE WEBER entered his property without consent, permission or agreement. His entry was unwelcomed. DEFENDANT BRUCE WEBBER entered PLAINTIFF's property without consent or probable cause. This was an abuse of police power and presumptively based on the furtherance of DEFENDANTS conspiracy against PLAINTIFF in that DEFENDANT BRUCE WEBBER would not have entered the property of a business with an intent to manufacture probable cause had it not have been an intentional act spearheaded by DEFENDANT PLANNING BOARD. In entering PLAINTIFF's property without consent, DEFENDANT BRUCE WEBBER completely disregarded PLAINTIFF's constitutional rights of privacy under Federal and State law.

73.     DEFENDANT BRUCE WEBBER trespassed on PLAINTIFF's property causing PLAINTIFF great distress, humiliation and harm on account of intentionally invading his privacy. DEFENDANT BRUCE WEBBER's conduct was intentional, malicious, fraudulent, and shows a reckless disregard of the PLAINTIFF's constitutional rights, health and safety. DEFENDANT BRUCE WEBBER's conduct warrants punitive damages to protect the public in an amount according to proof.


### EIGHTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
### (Against John Folmer and Richard Tupper)

74.    PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

75.    Approximately ten months after the seizure of PLAINTIFF's conditional use permit and representations thereafter by DEFENDANT JOHN FOLMER that no criminal charges would be filed against the PLAINTIFF on account of the steps PLAINTIFF was taking to comply with the PLANNING BOARD's ever changing and unarticulated requirements, DEFENDANT TOWN was named in a lawsuit claiming that the TOWN had failed to enforce its zoning laws which was brought by an angry and revengeful neighbor to PLAINTIFF's property. In response to said lawsuit and with an intention to diminish the TOWN's liability, DEFENDANTS' JOHN FOLMER and RICHARD TUPPER conspired to charge PLAINTIFF with criminal charges despite a lack of probable cause supporting such and without any intention to prosecute such charges.

76.    For approximately two years, DEFENDANTS disingenuously persisted in perpetuating their criminal case against PLAINTIFF until the Cortland County District Attorney interceded, who, after considering the lack of evidence and frivolousness of the charges, dropped the criminal charges against PLAINTIFF.

77.    Due to DEFENDANT's malicious intent in levying and perpetuating bogus and fabricated criminal charges against PLAINTIFF, PLAINTIFF has suffered enormous financial and emotional damages.

78.    DEFENDANT's conduct was intentional, malicious, fraudulent, and showed a reckless disregard of the constitutional rights, safety and health of PLAINTIFF. DEFENDANTS' conduct warrants punitive damages to protect the public in an amount according to proof.

## NINTH CAUSE OF ACTION
### Intentional Infliction Of Emotional Distress
### (Against All Defendants )

Plaintiffs hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

79.    Under New York law, "To prevail on a cause of action for intentional infliction of emotional distress, a plaintiff must prove four elements: (1) extreme and outrageous conduct; (2)

intent to cause, or disregard for the substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." [4]

80.     DEFDEDANTS inflicted an objectively unreasonable seizure and malicious prosecution upon PLAINTIFF, including (1) a sham hearing without a reasonable opportunity for PLAINTIFF to defend himself, (2) the premeditated revocation of the PLAINTIFF's conditional use permit unsubstantiated by any scientific or engineering evidence, (3) an intentional conflict of interest perpetuated by DEFENDANT JOHN DELVECCHIO, and (4) the intentionally false and malicious prosecution of PLAINTIFF. DEFENDANTS engaged in extreme and outrageous conduct that should not be tolerated in a civilized society.

81.     WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## TENTH CAUSE OF ACTION
### Negligent Training, Hiring, Retention, Discipline And Supervision
### (Against Town of Cortlandville)

82.     PLAINTIFF hereby incorporates the allegations contained in the preceding paragraphs, as though fully set forth herein.

83.     DEFENDANT TOWN OF CORTLANDVILLE maintains a custom, policy and pattern and practice of negligently failing to exercise reasonable care in training, supervising and hiring its officers.

84.     DEFENDANT TOWN OF CORTLANDVILLE has a duty to conduct training, hiring, retention, and supervision of its employees and agents so that they will protect and serve the citizens of Cortlandville, rather than violate the TOWN's laws and violate the United States Constitution. DEFENDANT TOWN breached, and continues to breach its legally imposed duty by allowing its employees and agents to engage in lawless behavior and conduct.

85.     PLAINTIFF further allege that the TOWN OF CORTLANDVILLE maintains a custom, policy, pattern and practice of inaction regarding the disciplining its employees and agents for violating the constitutional rights of its citizens. The TOWN OF CORTLANDVILLE's policy, custom, practice and pattern were a motivating factor in causing the deprivation of PLAINTIFF's constitutional rights and the  injuries, damages and harms he incurred on their account.

---

[4] *Marmelstein v. Kehillat New Hempstead, 45 A.D.3d 33, 841 N.Y.S.2d 493, 499 (2007).*

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

1. For special and economic damages, including lost wages, for all Claims

2. For general and non-economic damages for all Causes of Action;

3. For $3,000,000.00 against DEFENDANTS JOHN FOLMER AND RICHARD TUPPER, individually and severally for misery, suffering, loss of enjoyment of life, for loss of ability to pursuit happiness, for severe mental and emotional distress, anxiety, humiliation and other non-economic and economic damages.

4. For $3,000,000.00 for punitive damages for all Claims only against DEFENDANT JOHN DELVECCHIO, in his individual capacity for the concealed conflict of interest and ill intent to use his position as a Town Officer to weaken and harm the PLAINTIFF and his company ECONOMY PAVING, INC.;

5. For pre-judgment and post-judgment interest at the prevailing legal rate;

6. For costs of the suit including reasonable attorney's fees;

7. An order declaring that Town Officers JOHN FOLMER and BRUCE WEBER filed false charges, committing Class A misdemeanors;

8. An order declaring that the TOWN OF CORTLANDVILLE's policies are inadequate to protect the constitutional rights of individuals and citizens who come in contact with the TOWN OF CORTLANDVILLE PLANNING BOARD;

9. An order declaring that the TOWN OF CORTLANDVILLE PLANNING BOARD's revocation and refusal to reinstate the PLAINTIFF's conditional use permit was and is unconstitutional;

10. For such other and further relief, including injunctive relief, as the Court may deem proper.

**Dated: May 2, 2020**        **RESPECTFULLY SUBMITTED,**
                                        **RYDER LAW FIRM**

                                      /s/ Jesse P. Ryder
                                      Jesse P. Ryder, Esq. Attorney for
                                      STEPHEN COMPAGNI

**RYDER LAW FIRM**
Jesse P. Ryder, Esq.
6739 Myers Road
East Syracuse, NY 13057
Tel: (315) 382-3617
Fax: (315) 295-2502
[ryderlawfirm@gmail.com](mailto:ryderlawfirm@gmail.com)
Bar #511300