# RYDER LAW FIRM
# 6739 MYERS ROAD
# EAST SYRACUSE, NEW YORK 13057
# ryderlawfirm@gmail.com
# Phone: 315-382-3617
# Fax: 315-295-2502

August 31, 2022

Philip M. Gulisano, Esq.
Nash Connors, P.C.
344 Delaware Avenue, Suite 400
Buffalo, New York 14202

        **RE:** **Compagni v. Cortlandville et al.**
                5:20-cv-00489-GTS-ATB

Dear Philip:

    I write to address a number of deficiencies with the respect to Defendants' Responses to Plaintiffs' First Set of Document demands. Please accept this letter as my office's good faith effort to resolve this dispute without requiring judicial intervention and in accordance with Local Rule 37.1.

    First, as a general matter applicable to *all* of Defendants' responses, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26.

    Rule 34(b)(2)(B)-(C) state the following:

    (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

    (C) Objections. **An objection must state whether any responsive materials are being withheld on the basis of that objection**. An objection to part of a request must specify the part and permit inspection of the rest.

1

Trial courts in this circuit have repeatedly admonished litigants that the specificity requirement is not satisfied by "general objections" or the boilerplate refrain that every request is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." See *Vidal v. Metro-N. Commuter R. Co.*, No. 3:12-cv-248 (MPS), 2013 WL 1310504, at *1 (D. Conn. Mar. 28, 2013) (Fitzsimmons, M.J.); *Fischer v. Forrest,* No. 14-cv-1304 (PAE)(AJP), 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

For example, "incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection." *Fischer*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3.

Most if not all of Defendants objections include the boilerplate objection that the request is "overbroad, unduly burdensome, and seeks information beyond the scope of permissible discovery." However, none of the responses Provide why it is burdensome or how is it overly broad and are, therefore "meaningless boilerplate" *Fischer*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *8.

**REQUESTS 1-12 &14 & 21-26 & 29-55**

Plaintiffs' requests seek documents reflecting all conflicts of interest, criminal charges brought against similarly situated residents of the Town of Cortlandville, all revocation of conditional use permits by the Planning Board, all disciplinary records concerning any town officials, all lawsuits involving the planning board, all investigative reports or notes prepared in conjunction with all claims of constitutional violations alleged against the town, all notices of claim relating to claims of constitutional violations against the town, all results of county, state and federal investigations into claims of constitutional violations by the town, all materials associated with training town officials may have taken regarding conditional use permit noncompliance, revocation, conflicts of interest and civil rights, any written conflict of interest policies in possession of the town, all disciplinary files for town officials associated with this lawsuit, all policies by the town associated with constitutional violations, all the Plaintiffs records within the possession of the town, all disciplinary policies maintained by the town, all documentation relating to constitutional violations by town officials, all evaluations of the performance of the town officials associated with this lawsuit, all records relating to lawsuits against the town for violations of Local Law VIII & X, all documents referenced in your response to interrogatories, all documents associated with each and every affirmative defense put forth by the defense, all documentation associated with the revocation of Mr. John Barden's conditional use permit and all retainer agreements between any town official and John Barden and Lawrence G. Hill. Defendants' responses to requests all set forth substantially identical boilerplate objections. These objections are improper because it is impossible for Plaintiffs to know whether Defendants, or any of them, are withholding responsive material on the basis of an objection." *Fischer*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3.

Each response includes the following: "It is overbroad, unduly burdensome, and beyond the scope of permissible discovery" However, the objections to not state why obtaining a limited amount of documents related to communication between the named Plaintiffs and Defendants is overbroad or unduly burdensome.

2

      Please provide amended responses that clarify for each defendant if the defendant has and will produce documents, has documents that it will not produce based on an objection, or does not have responsive documents in its possession or control.

      Please provide amended responses no later than October 15, 2022.

                                  Very truly yours,

                                  Jesse P. Ryder