# RYDER LAW FIRM
## 6739 MYERS ROAD
## EAST SYRACUSE, NEW YORK 13057
ryderlawfirm@gmail.com
## Phone: 315-382-3617
## Fax: 315-295-2502

September 5, 2022

Philip M. Gulisano, Esq.
Nash Connors, P.C.
344 Delaware Avenue, Suite 400
Buffalo, New York 14202

      **RE:**    **Compagni v. Cortlandville et al.**
                 5:20-cv-00489-GTS-ATB

Dear Philip:

     I write to address a number of deficiencies with the respect to Responses to Plaintiffs' Rule 33 and 34 responses. Please accept this letter as my office's good faith effort to resolve this dispute without requiring judicial intervention and in accordance with Local Rule 37.1.

     First, as a general matter applicable to *all* of Defendant's responses, "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26.

     **REQUESTS 10-16 CORTLANDVILLE**

1. Responses to Plaintiffs' First Set of Interrogatories

    Plaintiff asked the same information regarding complaints of constitutional violations against the Town of Cortlandville or any of its officers in Interrogatories 10-16, including any policies or procedures in place concerning adherence to the Constitution. Defendant provides a boilerplate set of objections, including that the interrogatory is "overbroad and beyond the scope of permissible discovery."

2. Responses to Plaintiffs' Document Production Request in Interrogatory 15.

     Rule 34(b)(2)(B)-(C) state the following:

(B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

(C) Objections. **An objection must state whether any responsive materials are being withheld on the basis of that objection**. An objection to part of a request must specify the part and permit inspection of the rest.

Trial courts in this circuit have repeatedly admonished litigants that the specificity requirement is not satisfied by "general objections" or the boilerplate refrain that every request is "overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence." See *Vidal v. Metro-N. Commuter R. Co*., No. 3:12-cv-248 (MPS), 2013 WL 1310504, at *1 (D. Conn. Mar. 28, 2013) (Fitzsimmons, M.J.); *Fischer v. Forrest,* No. 14-cv-1304 (PAE)(AJP), 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017)

For example, "incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection." *Fischer*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3.

All of Defendant's responses contain objections. Many regurgitate the identical or substantially similar page-long boilerplate refrain. Not one single response complies with Rule 34(b)(2)(C), requiring Defendant to state whether responsive materials are being withheld on the basis of any of the numerous objections. The only indication in the responses that one or more of the Defendants might produce documents are the following responses: "overbroad and beyond the scope of permissible discovery." While the defendants have yet to produce responsive documents, the responses are nonetheless insufficient because Plaintiffs cannot know if the lack of production is because of an objection and, if so, which one. Further, the responses leave open the possibility that Defendant has responsive documents and assumes the document will be produced by one or more of the Defendants and is therefore Cortlandville is not producing the responsive documents themselves.

Most if not all of Defendants' objections include the boilerplate objection that the request is: "overbroad and beyond the scope of permissible discovery." However, none of the responses Provide why it is burdensome or how is it overly broad and are, therefore "meaningless boilerplate" *Fischer*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *8.

**REQUESTS 22-26 CORTLANDVILLE**

Plaintiffs' requests 22-26 seek documents reflecting discipline, affirmative defenses and all contentions the Defendant has to each claim of constitutional violations by the Defendants. Cortlandville's responses to requests 22-26 all set forth substantially identical boilerplate objections. These objections are improper because it is impossible for Plaintiffs to know whether

Cortlandville is withholding responsive material on the basis of an objection." *Fischer*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3.

Each response includes the following: "overbroad and beyond the scope of permissible discovery." However, the objections to not state why obtaining a limited number of documents related to communication between the named Defendants regarding the Plaintiffs is overbroad or unduly burdensome.

Defendants are required to produce not only those documents within its current possession but those documents that he has a legal right to obtain. *See, e.g., Alexander v. F.B.I.,* 194 F.R.D. 299, 301 (D.D.C. 2000); *Riddell Sports, Inc. v. Brooks*, 158 F.R.D. 555, 558 (S.D.N.Y. 1994) ("[i]f the producing party has the legal right or the practical ability to obtain the documents, then [the producing party] is deemed to have "control," even if the documents are in the possession of a non-party."). Cortlandville, has an obligation to conduct a search for responsive documents. Cortlandville's response that: "overbroad and beyond the scope of permissible discovery" is not sufficient because Cortlandville, as a party, has an obligation to produce documents in their possession or control.

Please provide amended responses that clarify for each defendant if the defendant has and will produce documents, has documents that it will not produce based on an objection, or does not have responsive documents in its possession or control.

**REQUESTS 10-21 ALL DEFENDANTS**

Plaintiffs' requests 10-21 seek documents reflecting complaints, prior civil actions naming Defendants, policies and procedures relating to constitutional protection of citizens of Cortlandville, witnesses, facts relating to each affirmative defense and all contentions relating to each claim of constitutional violations made by the Plaintiff. Defendants provide the identical or substantially identical set of boilerplate objections. Each request for evidence is relevant and discoverable. FED. R. CIV. P. 26. Defendant must conduct diligent searches for responsive documents. *Treppel v Biovail Corp*., 233 FRD 363, 374 [SDNY 2006]. Neither response has language indicating whether responsive documents will be provided. Defendant's responses are therefore insufficient because they do not state whether responsive material is being withheld based on the objections or because Defendant does not have responsive documents in their possession or control. Rule 34(b)(2)(C).

The 2015 Advisory Committee notes the following: "Rule 34(b)(2)(C) is amended to provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection. This amendment should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections *Fischer*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *4-5. Here, based on Defendants' objections and in the absence of any clarifying statement, Plaintiffs cannot know if the documents requested are being withheld based on one or more of the proffered objections.

3

Please provide amended responses no later than October 15, 2022.

                              Very truly yours,

                              *Jesse Ryder*

                              Jesse P. Ryder