UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN COMPAGNI, INDIVIDUALLY AND AS SOLE OFFICER OF ECONOMY PAVING INC., <br><br> Plaintiffs, <br> vs. <br><br> TOWN OF CORTLANDVILLE, TOWN OF CORTLANDVILLE PLANNING BOARD, JOHN DELVECCHIO, in his Individual and Official Capacity, JOHN FOLMER, in his Individual and in his Official Capacity, KATHERINE WICKWIRE, in her Individual and in her Official Capacity, CHRISTOPHER NEWELL, Individually and in his Official Capacity, NICHOLAS RENZI, Individually and in his Official Capacity, NASRIN PARVIZI, Individually and in her Official Capacity, BRUCE WEBER, Individually and in his Official Capacity, RICHARD TUPPER, Individually and in his Official Capacity, and DOES 1-100, <br><br> Defendants. | **DECLARATION OF ATTORNEY JESSE P. RYDER IN SUPPORT OF MOTION TO QUASH SUBPOENA TO INSPECT AND/OR ISSUANCE OF PROTECTIVE ORDER PURSIANT TO F.R.C.P. RULES 45(C)(3) AND 26(C))** <br><br> **Civil Action No.:  5:20-cv-00489-GTS-ATB** |

**DECLARATION OF JESSE RYDER IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA TO INSPECT AND/OR ISSUANCE OF PROTECTIVE ORDER PURSIANT TO F.R.C.P. RULES 45(C)(3) AND 26(C))**

Jesse Paul Ryder, Esq., pursuant to Section 1746 of Title 28 of the United States Code, under the penalty of perjury, to the best of my knowledge, declares:

1. I am an attorney duly admitted to practice law in the United States District Court for the Northern District of New York.

2. My business address is 6739 Myers Road, East Syracuse, New York 13057.

3. I have personal knowledge of the matters set forth herein, except those stated upon information and belief. If called as a witness I could competently testify thereto.

4. On or about May 20, 2020 the Plaintiff, Stephen Compagni filed a civil complaint in the Northern District of New York claiming that the Defendants herein have violated his federal civil rights, as well as engaged in conducted in violation of state law.

5. From May 2020 to the present day the parties at bar have conducted thirteen depositions and have exchanged thousands of pages of written discovery.

6. Plaintiff is currently waiting a few written documents that he requested from Defendants on October 5, 2023.

7. On the eve of the closing of discovery scheduled to occur on November 30, 2023, Defendants, on or about November 13, 2023, served a subpoena to conduct an inspection upon Plaintiff's property.

8. As Plaintiff's counsel was preparing a Motion to Quash, Defendants requested that this Court, in a telephone conference held on November 15, 2023, grant it an extension to the fact discovery deadline, See Dkt. Text Minute Entry of 11/20/2023.

9. Therein, Honorable Andrew T. Baxter ordered Defendants to re-serve a revised subpoena to inspect by December 29, 2023. Having re-served a Revised Subpoena on that date, Plaintiff hereby submits the instant Motion to Quash and/or Issuance of a Protective Order.

10. In support of said Motion, Plaintiff attaches hereto Exhibits 1-7.

11. Exhibit One is a copy of the Defendant's Revised Subpoena, received by myself by email.

12. Exhibit Two is a copy of the engineering reports prepared by engineer Brent Cross, P.E. after physical inspection of the instant subpoena's subject property, and provided to Defendant, Town of Cortlandville in or about 2018 and 2019.

13. Exhibit Three is the engineering report of Charles Feiszli, again upon a physical inspection, that was prepared for, and at the behest of the Defendants.

14. Exhibit Four is an email from Cortland County Soil and Water Director, Amanda Barber to the Town of Cortlandville wherein she relieves County Soil and Water from providing further oversight to the Town concerning Plaintiff's storm water system. Thus, Ms. Barber encouraged the Town to hire its own independent engineer, who turned out to be Mr. Feiszli, as noted in Exhibit Three.

15. Exhibit Five is an email from New York State Department of Environmental Conservation Storm Water Management Specialist William Lints wherein he documents his physical inspection of the Plaintiff's property and concludes that the property was in compliance with his conditional use permit.

16. Exhibit Six is a copy of the original Subpoena served upon me by email.

17. Exhibit Seven is the Affirmation of Stephen Compagni wherein he attests to the fact that he has previously permitted his property to be inspected by all of the interested parties to this case on a number of occasions and that this eleventh hour subpoena from the Defendants will constitute a severe hardship and will not yield any new information that is relevant to the claims he prosecuting at bar; i.e., the instant subpoena is a mere desperate attempt at conducting a fishing expedition.

18. Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and, where stated, upon information and belief.

Executed on January 11, 2024

*Jesse P. Ryder*
Jesse P. Ryder. Esq.
(Bar No. 511300)
6739 Myers Road
East Syracuse, New York  13057
ryderlawfirm@gmail.com
Phone: 315-382-3617
Fax: 315-295-2502

4