UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN COMPAGNI, INDIVIDUALLY AND AS SOLE OFFICER OF ECONOMY PAVING INC., <br><br> Plaintiffs, <br> vs. <br><br> TOWN OF CORTLANDVILLE, TOWN OF CORTLANDVILLE PLANNING BOARD, JOHN DELVECCHIO, in his Individual and Official Capacity, JOHN FOLMER, in his Individual and in his Official Capacity, KATHERINE WICKWIRE, in her Individual and in her Official Capacity, CHRISTOPHER NEWELL, Individually and in his Official Capacity, NICHOLAS RENZI, Individually and in his Official Capacity, NASRIN PARVIZI, Individually and in her Official Capacity, BRUCE WEBER, Individually and in his Official Capacity, RICHARD TUPPER, Individually and in his Official Capacity, and DOES 1-100, <br><br> Defendants. | **AFFRIMATION OF STEPHEN COMPAGNI IN SUPPORT OF MOTION TO QUASH SUBPOENA AND/OR ISSUANCE OF PROTECTIVE ORDER** <br><br> **Civil Action No.:  5:20-cv-00489-GTS-ATB** |

**AFFIRMATION OF STEPHEN COMPAGNI IN SUPPORT OF MOTION TO QUASH SUBPOENA FOR INSPECTION AND/OR ISSUANCE OF PROTECTIVE ORDER**

1. I, STEPHEN COMPAGNI, the Plaintiff in the above action submits the following Affirmation in Support of Motion to Quash Subpoena wherein Defendants seek to enter and inspect my commercial property that houses the operation of my business, Economy Paving Inc.

2. I am the sole member of Economy Paving, Inc., which is an entity engaged in the construction of highways and bridges in the State of New York.

3. Economy Paving employs several hundred individuals[1] who are currently engaged in multiple projects throughout the State of New York, including the current I-81 Viaduct Project in Syracuse where Economy Paving is serving as a primary contractor in orchestrating the design and construction of the new Interstate 81 as a replacement for the existing Interstate 481 and the anticipated creation of a 'community grid' neighborhood in the corridor currently occupied by I-81 that runs through the City of Syracuse.[2] The I-81 Project is a 'Mega' project requiring the coordination of thousands of employees, subcontractors, material suppliers, engineers, and service providers. .

4. On account of the I-81 mega project, all Economy Paving company support facilities, including the maintenance and storage yard property subject to the instant subpoena, 1819 Route !3 in Cortland New York, are engaged in comprehensive industrial activity and logistics. The 1819 Route 13 property is currently and will continue to be for many years to come, in continual and constant use with an unimpeded flow of truck deliveries and distribution activities as well as heavy equipment and supplies moving within and throughout the facility.  The property is a primary support facility for the coordination and operations of the I-81 mega project as well as the multitude of additional statewide projects that Economy Paving and Mr. Compagni are responsible for.

5. In consideration of the enormous logistical flow of materials, equipment, on-site employees, and managerial staff, a disruption of any size to the efforts of Economy Paving at this facility will result in extreme disruption and financial loss to each of the projects and employees relying on the efficient operation of the Route 13 facility.  A disruption in the guise of a physical inspection will invariably result in the facility having to shut down operations that will have a disastrous impact on the finely coordinated choreography that the scheduled projects rely upon in having timely on-site delivery of the particular heavy equipment and materials so not cause enormous financial and engineering delay. As such, invested parties in the I-81 Project will suffer significant losses in recoupable time, monies and resources.

6. Thus, given the frenetic pace of activities at the facility, a physical inspection will require the development of visitation and safety plans that will, as stated, cast a proverbial

---

[1] https://www.ujtfs.org/i-81-campaign
[2] https://webapps.dot.ny.gov/system/files/documents/2023/12/contracts-board-2023.12.28.pdf

**AFFIRMATION OF STEPHEN COMPAGNI IN SUPPORT OF MOTION TO QUASH SUBPOENA AND/OR ISSUANCE OF PROTECTIVE ORDER**

'monkey-wrench' into the workings at the facility. A physical site inspection will require a time-consuming impact analysis in order to determine how to re-coordinate the scheduling of activities that have been previously set in stone and that the multitude of sub-contractors have relied upon. Additionally, Economy Paving will have to engage in the creation of plans and procedures to receive and monitor the credentials of visitors to the property in order to ensure for their safety, as well as to provide assurances that Economy Paving's liability will be limited were harm to befall the visitors when present at the facility.

7. All in all, an inspection will require a massive reconfiguration and relocation of the stored equipment, and materials on the property, as well as a significant reassignment of existing employees in order to ensure for the safety of the inspectors. Thus, Economy Paving staff would have to be reassigned in order to serve on a safety chaperone team to ensure the overall health, safety, and welfare of the inspection team. Such assignments would have a significant impact on both the employees, scheduling and finances which on account of the ultra-time sensitive and logistical nightmare mega project of I-81, will be extremely significant.

8. Coming this Spring, 2024, it will be necessary for Economy Paving to expedite its work schedule on the I-81 Viaduct Project in order to take advantage of the more hospitable spring weather conditions in order to make up for the lost work time on account of setbacks due to the inclement weather during the winter months. Under contract, Economy Paving is responsible for approximately $1,000,000 dollars per day in production costs on the I-81 project. Thus, any requirement that forces Economy Paving to upset its workflow and reallocate its resources away from its projects to permit a duplicative re-inspection of the storage yard will pose a tremendously invasive and costly burden to myself and Economy Paving.

9. Such significant burden as outlined above is most unreasonable as in 2017, 2018 and 2019, Economy Paving provided the County Defendants the opportunity to have their engineer, Chuck Feiszli to enter the property to undertake a thorough inspection. In addition to the County's inspection performed by Mr. Chuck Feiszli, Economy Paving initiated and permitted an additional physical inspection by expert engineer, William Lints, of the NYS Department of Environmental Conservation-Storm Water

   Management, as well as representatives of Cortland County Soil and Water and employees from the Town of Cortlandville. The Defendants' engineer, Charles Feiszli, had affirmed the report submitted by Economy Paving's engineer, Brent Cross, as well as the opinion of the NYSDEC Storm Water Management Specialist, William Lints that Economy Paving's facilities at 1819 State Rt. 13 was and remains in compliance with my conditional use permit. Thus, any further inspection is most duplicative and without necessity.

10. In the years 2017, 2018 and 2019 when Defendants engaged in the conduct and activities that constitute the factual basis for the claims before this Court, I and Economy Paving have suffered both a tremendous financial loss and psychological burden. Were this Court to permit Defendants to reenter my storage yard to perform a duplicative and intrusive inspection, I and Economy Paving would again incur undue financial burden along with the psychological stress that such an incursion would bring given the ultra-sensitive time frame with which Economy Paving is contractually obligated to perform for the various project owners, including the State of New York.

11. On account of the tremendous burden that a physical inspection would present to myself and Economy Paving, as well as the exceedingly broad and unrestricted parameters of Defendants' subpoena, this Court must grant the Motion to Quash in order to prevent any further burden and disruption to the interests and business operations of Economy Paving.

12. Pursuant to Section 1746 of Title 28 of the United States Code, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and, where stated, upon information and belief.

Dated: January 12, 2024

*Stephen Compagni*
Stephen Compagni