## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

STEPHEN COMPAGNI, INDIVIDUALLY
AND AS SOLE OFFICER OF ECONOMY
PAVING INC.,

              Plaintiffs,

    vs.

TOWN OF CORTLANDVILLE, TOWN
OF CORTLANDVILLE PLANNING
BOARD, JOHN DELVECCHIO, in his
Individual and Official Capacity, JOHN
FOLMER, in his Individual and in his
Official Capacity, KATHERINE
WICKWIRE, in her Individual and in her
Official Capacity,  CHRISTOPHER
NEWELL, Individually and in his Official
Capacity, NICHOLAS RENZI, Individually
and in his Official Capacity,  NASRIN
PARVIZI, Individually and in her Official
Capacity, BRUCE WEBER, Individually
and in his Official Capacity, RICHARD
TUPPER, Individually and in his Official
Capacity,  and DOES 1-100,

              Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO F.R.C.P. RULES 45(C)(3) AND 26(C)**

**Civil Action No.:  5:20-cv-00489-GTS-ATB**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION PURSUANT TO F.R.C.P. RULES 45(C)(3) AND 26(C)

Jesse P. Ryder. Esq.
(Bar No. 511300)
6739 Myers Road
East Syracuse, New York  13057
ryderlawfirm@gmail.com
Phone: 315-382-3617
Fax: 315-295-2502

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................. i

TABLE OF AUTHORITIES ..........................................................................................ii

MEMORANDUM OF LAW .......................................................................................... 1

INTRODUCTION ......................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 1

ARGUMENT ................................................................................................................. 6

I.      Defendants' subpoena must be quashed as it fails to satisfy even the most rudimentary requirements set out in F.R.C.P. Rules 26(c) and 45. ............................. 6

    A.  Subpeona must be quashed on account of Defendants' failure to comply with procedural preconditions of F.R.C.P. 45(a)(4).................................................. 6

    B.  Subpoena must be quashed as its intended discoverable evidence lacks even minimal relevance to Plaintiff's causes of action and the issues at bar.......... 7

        i.     Factual questions as to the conditions that exist on Plaintiff's property in 2024 have no relevance to the conditions that Defendants were apprised of in 2017-2019 when they revoked Plaintiff's conditional use permit. ................................................ 9

        ii.    In lacking even minimal relevance, said subpoena is subject to a Rule 26(b) protective order which this Court is equally justified in issuing. ................................................................... 11

    C.  Pursuant to Rule 45, this Court has the authority to quash Defendants' subpoena on account that it is overbroad, duplicative and unduly burdensome. ...................................................................................................... 11

        i.     The overbreadth and duplicativeness of Defendants' subpoena dispositively warrants quashing ................................................. 12

        ii.    As a third physical inspection of Plaintiff's commercial property is unduly burdensome, Defendants' subpoena most dispositively warrants quashing ................................................................ 15

    D.  Plaintiff's privacy interest in his commercial property elicits Rule 45's authority to quash Defendants' subpoena seeking to physically enter and inspect his property ........................................................................ 18

CONCLUSION.............................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. All Cty., LLC*,
  2020 U.S. Dist. LEXIS 176297, 2020 WL 5668956, (E.D.N.Y. Sept. 22, 2020) ................... 12

*Amorgianos v. National R.R. Passenger Corp*.,
  303 F.3d 256, (2d Cir. 2002) .................................................................................................... 9

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas,*
  262 F.R.D. 293, (S.D.N.Y. 2009) ..................................................................................... 16, 17

*Arroyo v. City of Buffalo*,
  2018 U.S. Dist. LEXIS 157127, 2018 WL 4376798, (W.D.N.Y. Sept. 13, 2018) ................. 15

*Bogosian v. Woloohojian Realty Corp*.,
  323 F.3d 55, (1st Cir. 2003) ................................................................................................... 16

*Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc*.,
  21 F.R.D. 347, (S.D.N.Y. 1958) ............................................................................................ 11

*Concord Boat Corp. v. Brunswick Corp*.,
  169 F.R.D. 44 (S.D.N.Y. 1996) ................................................................................... 13, 16, 17

*Cook v. Howard*,
  484 Fed.Appx. 805, (4th Cir. Aug. 24, 2012) ........................................................................ 16

*Fox Industries, Inc. v. Gurovich*,
  2006 U.S. Dist. LEXIS 73035, 2006 WL 2882580, (E.D.N.Y. Oct. 6, 2006) .......................... 8

*Ghonda v. Time Warner Cable, Inc.*,
  2017 U.S. Dist. LEXIS 11769, 2017 WL 395111 (E.D.N.Y. Jan. 27, 2017) ......................... 14

*In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.),*
  581 F. Supp. 3d 509, (S.D.N.Y. 2022) ................................................................................... 13

*In re Fitch, Inc.,*
  330 F.3d 104, (2d Cir. 2003) .................................................................................................... 1

*Katz v. United States*,
  389 U.S. 347, (1967) ............................................................................................................... 19

*Lemanik, S.A. v. McKinley Allsopp, Inc.*,
  125 F.R.D. 602, (S.D.N.Y. 1989) .......................................................................................... 11

*Libaire v. Kaplan*,
    760 F. Supp. 2d 288, (E.D.N.Y. 2011) ................................................................. 12

*McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*,
    2013 U.S.Dist.LEXIS 121134, (N.D.N.Y. July 17, 2013) ....................................... 15

*Meyer Corp. U.S. v. Alfay Designs, Inc.*,
    2012 U.S. Dist. LEXIS 114533, 2012 WL 3537001, (E.D.N.Y. Aug. 14, 2012) .............. 19, 20

*Mirra v. Jordan*,
    2014 U.S. Dist. LEXIS 77065, 2014 WL 2511020, (S.D. N.Y. May 28, 2014) ....................... 8

*Murphy v. Board of Educ.*,
    196 F.R.D. 220, (W.D.N.Y. 2000) .......................................................................... 8

*New Falls Corp. v. Soni*,
    2022 U.S.Dist.LEXIS 227830, (E.D.N.Y. Dec. 19, 2022) ....................................... 13

*New York v. Burger*,
    482 U.S. 691, (1987) ........................................................................................... 19

*Night Hawk Ltd. v. Briarpatch Ltd.*,
    2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, (S.D.N.Y. Dec. 23, 2003) ...................... 8

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340, (1978) ........................................................................................ 9, 10

*Palumbo v. Shulman*,
    1998 U.S. Dist. LEXIS 14527, 1998 WL 635534, (S.D.N.Y. Sept. 16, 1998) ...................... 9

*See v. City of Seattle*,
    387 U.S. 541, (1967) ........................................................................................... 19

*Travelers Indem. Co. v. Metropolitan Life Ins. Co.*,
    228 F.R.D. 111 (D. Conn. 2005) .......................................................................... 19

*United States v. International Bus. Mach. Corp.*,
    70 F.R.D. 700, (S.D.N.Y. 1976) ........................................................................... 13

*United States v. Int'l Bus. Mach. Corp.*,
    83 F.R.D. 97, (S.D.N.Y. 1979) ........................................................................ 14, 16,

**Rules**

Fed. R. Civ. P. 26(b)(1) ........................................................................................... 1, 12, 15

Fed. R. Civ. P. 26(b)(2) ................................................................................................... 15

Fed. R. Civ. P. 26(c) .................................................................................................. 12, 16

Fed. R. Civ. P. 45(a)(4) ..................................................................................................... 7

Fed. R. Civ. P. 45(d)(1) ................................................................................................... 18

Fed. R. Civ. P. 45(d)(3)(A)(iii) ....................................................................................... 20

Fed. R. Evid. 401 ............................................................................................................... 9

Rule 45(d)(3)(A) ............................................................................................................... 19

**Other Authorities**

https://webapps.dot.ny.gov/i-81-viaduct-project ............................................................ 17

# MEMORANDUM OF LAW

# INTRODUCTION

After three and a half years of discovery with approximately five discovery cut-off extensions, see, Dkt 42, 52, 58, 63, 65, Defendants Town of Cortlandville et al., ("Defendants") have, at the eleventh hour of discovery, filed a 'hail-mary' subpoena seeking to enter Plaintiff Stephen Compagni's Economy Paving Inc's commercial property in order to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." See Exh. 1, Revised Subpoena to Inspect, dated December 28, 2023 ("Subpoena"). Given the subpoena's Rule 45 procedural omission, its sought after evidence's lack of relevance, the overbreadth of its request, and the duplicativeness of the evidence sought, said subpoena more than justifies this Court to enter an order quashing the subpoena and/or issue a Rule 26 protective order. As the following Memorandum of Law and Affirmation of Plaintiff Stephen Compagni makes certain, Defendants attempt to have this Court permit them an opportunity to conduct a 'fishing expedition' by way of subpoena is most unavailing despite the breadth otherwise provided discovery under Fed. R. Civ. P. 26(b)(1). As both limitation of discovery and subsequent motions to quash are "entrusted to the sound discretion of the district court**,** *In re Fitch, Inc.,* 330 F.3d 104, 108 (2d Cir. 2003) this Court must rightfully grant Mr. Compagni's Motion to Quash and/or issue a protective order to deny Defendants entry onto Mr. Compagni's commercial property.

# FACTUAL BACKGROUND

As a kneejerk and constitutionally infirm response to a  complaint lodged by a disgruntled neighbor with a vendetta against Plaintiff Stephen Compagni ("Mr. Compagni"), the Town of

Cortlandville ("Town") and its Planning Board hastily convened a permit revocation hearing despite being informed well in advance of the hearing that its permit holder, Stephen Compagni was unavailable to attend to defend and respond to his purported noncompliance with his use permit. Complaint, dated May 1, 2020, ("Complaint") Dkt. 1, ¶11. Nevertheless, the Planning Board proceeded with its revocation hearing despite Mr. Compagni's absence, as well as the Board's expressed predetermination that Mr. Compagni's permit would absolutely be revoked without any need to consider any objective basis for such decision, including consideration of engineering and environmental reports. *Id.*

Commensurate with the Board's arbitrary and capricious conduct, one of the Planning Board members, Defendant John Delvecchio was actively representing at least one party who was actively engaged in litigation with Mr. Compagni. Despite such a glaring conflict of interest, Board member Delvecchio concealed this fact from the Board and proceeded to cast his vote in favor of revocation. Complaint, ¶12.

Following the Board's revocation of Mr. Compagni's permit, the Board and Defendant Board members consistently represented that on account of the deficient process that they provided when revoking Mr. Compagni's permit, they would reissue his conditional use permit. Complaint, ¶13. The Town's attorney, Defendant John Folmer made multiple representations that Mr. Compagni had no reason to appeal the Planning Board's constitutionally infirm revocation decision as the return of his permit was imminent and forthcoming. Complaint, ¶14.

However, it became abundantly clear to Mr. Compagni that such representations were disingenuous when on or about July, 2018 the Town reversed its conciliatory overtures upon being served with a lawsuit filed by the same disgruntled neighbor who persisted in seeking revenge against Mr. Compagni. In response and in an attempt to diminish its liability against the

disgruntled neighbor's lawsuit, the Town took the unprecedented step of filing criminal charges against Mr. Compagni for their already predetermined finding of permit noncompliance. Having now been relegated as a criminal defendant, Mr. Compagni's liberty was thereafter categorically curtailed and constrained and thereby under the restrictions of the criminal court. Complaint, ¶15.

During the discovery process it had come to light that in addition to Planning Board member, John Delvecchio's conflict of interest by actively representing a client with contemporaneous litigation against Mr. Compagni, Cortlandville's Town Attorney, John Folmer was in fact counsel for the particular disgruntled neighbor, John Bardon who, through lawsuits of his own, sought to influence the Town to take action against Mr. Compagni. The Town in fact acquiesced by taking the unprecedented course of action of subjecting Mr. Compagni to criminal arrest for the same conduct, i.e., a non-compliant conditional use permit that the Board had relied upon in revoking Mr. Compagni's permit.[1]

Despite such express conflict of interest that remained hidden and undisclosed, Town Attorney John Folmer persisted in his representations that Mr. Compagni's permit revocation would be resolved upon the condition that he provide the Town with an engineering report showing that his property was in compliance with his use permit. Complaint, ¶16. Mr. Compagni complied and proffered two engineering reports based upon physical inspection, February 21, 2018 and January 2, 2019, which categorically attested to his property's compliance with the

---

[1] During the videotaped deposition of John Folmer, dated March 20, 2023, Mr. Folmer reluctantly admitted that he represented John Barden, the disgruntled neighbor with property adjoining Mr. Compagni's who had unduly influenced the Town and Board to take the constitutionally infirm actions that form the basis of Mr. Compagni's instant lawsuit. Mr. Folmer admitted to representing John Barden in front of the Planning Board during Mr. Barden's long and protracted struggle to obtain and maintain a conditional use permit for his business property that again, adjoined Mr. Compagni's property which is the subject of his lawsuit.

**MOTION TO QUASH SUBPOENA TO INSPECT AND/OR ISSUANCEE OF PROTECTIVE ORDER PURSUANT TO F.R.C.P. RULES 45(C)(3) AND 26(C); MEMORANDUM OF LAW IN SUPPORT THEREOF.**

conditional use permit's storm water management system. Exh. 2, Engineering Reports of Brent Cross P.E.

Additionally, Mr. Compagni also invited NYS Department of Environmental Conservation Storm Water Management Specialist, William Lints to physically enter his property in the spring of 2018 with the purpose of conducting an inspection to determine whether his storm water system was in compliance with the conditions of his use permit. Mr. Lints indeed found that the property was in compliance. Exh. 5, William Lints Email, dated May 15, 2018.

In response to Mr. Compagni's engineering reports and at the behest of Cortland County Soil and Water, the Town hired its own expert to corroborate and confirm the results adduced by Mr. Compagni's engineer. Thus, the Town hired expert, Charles Feiszli,[2] who, after conducting his own independent testing and inspection, found that his results and conclusions affirmatively corroborated the results and findings of Mr. Compagni's engineering report, i.e., Mr. Compagni's storm water system was compliant with the terms of his use permit. Exh. 3, Engineering of Charles Feiszli, dated October 3, 2019. Despite the Town's engineering report corroborating the fact that Mr. Compagni's storm water system was in compliance with his use permit, the Town persisted in its refusal to not only reinstate Mr. Compagni's use permit, but even more egregiously perplexing, to refuse to drop the unprecedented criminal charges that it had initiated and advanced against Mr. Compagni.

Some four months later, Defendant John Delvecchio, a Planning Board member with, as stated, an express conflict of interest by having legally represented parties who were actively

---

[2] The Town contracted with Charles Feiszli to perform the inspection on Mr. Compagni's property after Cortland County Soil and Water(CCS&W), a public service agency with whom the Town held a contract and thus working at the behest of the Town, did their inspection and decided to recuse itself from submitting a report after both undertaking a physical inspection of Mr. Compagni's property and being presented with Mr. Compagni's engineering report authored by Brent Cross, P.E. See, Exh. 4, CCS&W Email to Town.

4

engaged in lawsuits against Mr. Compagni, took over the role as Town Attorney from Defendant, John Folmer. Complaint ¶13. Despite further representations that Mr. Compagni would be made whole by reissuing his use permit and moving to dismiss the criminal charges, the Town took no such affirmative action but rather left it to the District Attorney to finally deem the Town's criminal complaint against Mr. Compagni as meritless. Under the District Attorney's dismissal, the Town represented on the record that it would reinstate Mr. Compagni's permit without any need for additional submissions, including additionally engineering reports. Complaint ¶18. The Town however refused to comply with its conditional promise to return Mr. Compagni's use permit but rather required him to submit yet an additional engineering report despite the overwhelming proof attested to by the previous reports, including the Town's report authored by Charles Feiszli, that Mr. Compagni's property was absolutely compliant with his conditional use permit. Complaint ¶19.

On account of the above treatment he incurred and with an intention to redress the blatant constitutionally infirm treatment he received, Mr. Compagni brought suit in this Court propounding federal claims under Section 1983 Fourth Amendment seizure of both property and liberty interests, Section 1983 malicious prosecution, Section 1983 Fourteenth Amendment due process violations, both procedural, substantive, and equal protection, Section 1983 municipal liability, as well as state claims of trespass, malicious prosecution, intentional infliction, and negligent training, hiring, retention. Complaint, Dkt. 1.

Over the past three and a half years, Mr. Compagni and Defendants have engaged in a plethora of discovery exchanges, including the taking of thirteen depositions. Upon this Court's order, discovery is due to close on or about April 1, 2024 with dispositive motions to follow soon thereafter.

Thus, it is glaringly transparent that Defendants' instant subpoena to permit inspection of premises is but a 'hail-mary' attempt to conjure some nugget of defense in direct response to the overwhelming testimony that has been thus far elicited through deposition testimony that has most definitively corroborated the theories underlying Mr. Compagni's claims and thereby precluding Defendants with any semblance of a defense.

As the following analysis makes plain, Defendants' subpoena fails to satisfy the requisite standards that exist in order to prohibit the kind of 'fishing expedition' that Defendants are most transparently seeking to manifest. Defendants' subpoena must be quashed.

## ARGUMENT

**I.   Defendants' subpoena must be quashed as it fails to satisfy even the most rudimentary requirements set out in F.R.C.P. Rules 26(c) and 45.**

### A.   Subpeona must be quashed on account of Defendants' failure to comply with procedural preconditions of F.R.C.P. 45(a)(4).

Where like here, a subpoena commands the production of documents, electronically stored information, tangible things or *the inspection of premises* before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)(emphasis added).

Here, rather than complying with Rule 45(a)'s dictates of first apprising Mr. Compagni of a forthcoming subpoena to inspect his business premises prior to undertaking formal service, Defendants proceeded to formally serve its initial subpoena to produce on or about November 13, 2023. Exh. 6, Notice of Subpoena to Inspect. Upon this Court's scheduling order of November 20, 2023 providing Defendants the opportunity to serve a revised subpoena to produce on or before December 29, 2023. Defendants proceeded to file their instant Revised

Subpoena to Produce on December 28, 2023 again without having first complied with Rule 45(a)'s prior notice requirement.

Notwithstanding Defendants' omission, it is paradigmatic that Rule 45's "notice provision is mandatory and failure to abide by this requirement constitutes grounds to quash a subpoena" *Mirra v. Jordan*, 2014 U.S. Dist. LEXIS 77065, 2014 WL 2511020, at *3 (S.D. N.Y. May 28, 2014); *Murphy v. Board of Educ.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) (a party issuing a subpoena must "provide prior notice to all parties to the litigation," prior to the issuance of the subpoena, not prior to its return date"); *Fox Industries, Inc. v. Gurovich*, 2006 U.S. Dist. LEXIS 73035, 2006 WL 2882580, at *11 (E.D.N.Y. Oct. 6, 2006) (notice provided on the same day that the subpoenas have been served constitutes inadequate notice under Rule 45).

Therefore, in failing to serve Mr. Compagni prior to effectuating formal service, Defendants have bypassed Rule 45's mandatory notice provision which otherwise provides express justification for the Court's quashing of said subpoena.

**B. Subpoena must be quashed as its intended discoverable evidence lacks even minimal relevance to Plaintiff's causes of action and the issues at bar.**

As relevance is the overriding and predominant consideration pertaining to discovery and that a subpoena is a most invasive mechanism for procuring discovery, here Defendants' subpoena to inspect Mr. Compagni's property fails to satisfy this most basic foundational requirement. *Night Hawk Ltd. v. Briarpatch Ltd.*, 2003 U.S. Dist. LEXIS 23179, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003) ("a party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings"); *Palumbo v. Shulman,* 1998 U.S. Dist. LEXIS 14527, 1998 WL 635534, at *2 (S.D.N.Y. Sept. 16, 1998) ("The reach of a subpoena is "tempered by the relevancy standard

outlined in Rule 26(b)(1)). Relevance "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351(1978).

Here, in addition to Defendants' dispositive failure to set out the very information it seeks to discover  within the four corners of its subpoena that is "relevant and material" to Mr. Compagni's allegations and claims, Defendants subpoena to inspect Mr. Compagni's premises patently fails to surpass even minimal relevance in order satisfy this Court's gatekeeping scrutiny.[3]

Thus, when relevancy and materiality are evaluated (as they must) against the allegations and causes of action in Mr. Compagni's complaint, it is glaringly apparent that the relevancy of potential evidence adduced during a premises inspection conducted some seven years after the events that catalyzed Mr. Compagni's claims, is most transparently unavailing. As the above statement of facts make plain, the factual 'gravamen' of Mr. Compagni's six federal Section 1983 claims and three state claims is Defendants' unreasonable, pretextual, conspiracy laden and process deficient seizure of his business property's conditional use permit. Thus, the entirety of Mr. Compagni's claims wholly derive from the facts and circumstances, as they existed and were known to Defendants in the years 2017, 2018 and 2019. As such, any justification or defenses that Defendants seek to interpose against Mr. Compagni's claims in order to justify their revocation of Mr. Compagni's conditional use permit were 'freeze-framed' to the conditions and circumstances that existed on Mr. Compagni's property during 2017-2019.

---

[3] As a gatekeeper, a trial court must ensure that admitted testimony is relevant and reliable. Fed. R. Evid. 401; *see Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002).

      i.     **Factual questions as to the conditions that exist on Plaintiff's property in 2024 have no relevance to the conditions that Defendants were apprised of in 2017-2019 when they revoked Plaintiff's conditional use permit.**

The factual questions as to the conditions that existed on Mr. Compagni's property that informed Defendants' actions and conduct are firmly affixed and solely relegated to (1) the documentary evidence produced during the years 2017-2019, (2) witnesses' recollections and accounts testified to on deposition, and (3) the two expert witness reports that were submitted to Defendants' Planning Board that meticulously described and evaluated the conditions of Mr. Compagni's storm water system and the property's topography, use, and overall compliance with State environmental and City permitting requirements.

Therefore, a contemporaneous physical inspection of Mr. Compagni's property some five to seven years after the property's particular state and condition as it had existed at that time and thus informed Defendants actions has neither "bearing on any issue that is or may be in the case," *Oppenheimer*, 437 U.S. at 351, nor could it "reasonably lead to other matter" that has any bearing on Defendants' defenses. *Id.* Plaintiff's claims of Section 1983 Fourth Amendment seizure, maliciousness prosecution, conspiracy, Fourteenth Amendment procedural and substantive due process, and municipal liability are expressly founded upon Defendants actions and conduct as perpetrated within the years of 2017-2019, i.e., (1) Defendants' predetermined revocation of Mr. Compagni's conditional use permit in 2017 without due process and under circumstances evincing inexcusable conflict of interest; (2) the withholding of said conditional use permit despite Defendants' repeated and continual representations of its imminent reinstatement; (3) the filing of criminal charges without probable cause in 2018 purportedly pertaining to Mr. Compagni's noncompliance with his previously revoked conditional use permit where no new information was garnered to support such a drastic measure; (4) Mr. Compagni's

subjugation to criminal prosecution for an out- of-compliant conditional use permit despite other similarly situated property owners being spared such constitutionally infirm seizure; (5) Defendant City's nonfeasance in failing to both supervise and train its Planning Board from undertaking the alleged constitutionally infirm conduct in 2017-2019; and (6) the district attorney's categorically dismissing the criminal charges against Mr. Compagni in 2019 with the condition that Defendants reinstate his conditional use permit which Defendants had failed to comply with. *See,* Complaint, Dkt. 1.

As Defendants' conduct was integrally informed by the state and condition of Mr. Compagni's conditional use property at the time in question, a physical inspection of the property some five to seven years later in 2024 has absolutely no relevance nor bearing on the state and condition of the property as it had existed five to seven years ago which solely forms (and informs) the entirety and crux of Mr. Compagni's claims at bar.

Thus Defendants subpoena fails to meet the baseline evidentiary standard of relevance and as such must be quashed. *See, e.g., Lemanik, S.A. v. McKinley Allsopp, Inc*., 125 F.R.D. 602, 608 (S.D.N.Y. 1989) (while no general rules have been developed for determining relevance for purposes of discovery, courts in the Second Circuit have frequently denied discovery requests for information that has no conceivable bearing on the case); *Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc*., 21 F.R.D. 347, 352 (S.D.N.Y. 1958) ("it has long been the rule in this Circuit that 'the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'").

   ii. **In lacking even minimal relevance, said subpoena is subject to a Rule 26(b) protective order which this Court is equally justified in issuing.**

   While Mr. Compagni is well apprised that a motion seeking to prevent compliance with a subpoena on relevance grounds is properly construed as a motion for a protective order, it is well established that "courts often use the language of quashing a subpoena when discussing relevance and proportionality." *Allstate Ins. Co. v. All Cty., LLC*, 2020 U.S. Dist. LEXIS 176297, 2020 WL 5668956, at *1 (E.D.N.Y. Sept. 22, 2020).

   As such, if the Court is inclined to issue a protective order instead of granting Mr. Compagni's Motion to Quash, such result is more than reasonably warranted as under a Rule 26(b) protective order, a party seeking discovery must first establish that the discovery sought is relevant [and proportional] to the claims and defenses plead. *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (court begins its Rule 26 analysis with relevancy); Fed. R. Civ. P. 26(b)(1).[4] Whichever vehicle the Court chooses to employ, Defendants' demand to inspect is most certainly unavailing on account that its potential for evidentiary yield categorically lacks relevance.

   **C. Pursuant to Rule 45, this Court has the authority to quash Defendants' subpoena on account that it is overbroad, duplicative and unduly burdensome.**

   If, however the Court rejects Mr. Compagni's above analysis and finds instead that an inspection of Mr. Compagni's premises could "reasonably lead to other matter that could bear on any issue that is or may be in the case," then this Court's application of factors other than

---

[4] Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters, Fed. R. Civ. P. 26(c)(1)(A), (B), (D) particularly if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Federal Rule 26(b)(2)(i). Thus, to prevail on a motion for protective order, the party must show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance.

relevance when determining a Rule 45 Motion to Quash are most reasonably evoked to nevertheless quash Defendants' subpoena.

Under a Rule 45, the court is endowed with the authority to quash a subpoena that is "over-broad, duplicative, or unduly burdensome." *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.),* 581 F. Supp. 3d 509, (S.D.N.Y. 2022). Thus, where like here a defendant seeks "expansive discovery" through an overbroad subpoena that makes "no effort to tailor its [reach]," such subpoena is readily quashed. *New Falls Corp. v. Soni*, 2022 U.S.Dist.LEXIS 227830, at *26(E.D.N.Y. Dec. 19, 2022); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (concluding that a subpoena is "overbroad on its face" and concluding that "plaintiffs' counsel have run this risk and lost" by drafting it in that manner). Thus, to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable. *United States v. International Bus. Mach. Corp*., 70 F.R.D. 700, 701-02 (S.D.N.Y. 1976).

### i. The overbreadth and duplicativeness of Defendants' subpoena dispositively warrants quashing

Here, Defendants expansively request the opportunity to engage on a 'fishing expedition' on Mr. Compagni's business premises, Economy Paving Company, by seeking an otherwise unrestricted and unbounded entry onto the premises so that they "may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." *See* Exh 1, Subpoena to Inspect, dated December 28, 2023. Again, none of the subpoena's enumerated endeavors, i.e., inspection, measuring, surveying, photographing, testing or sampling have any relevance to Mr. Compagni's causes of action that solely depend on Defendants' revocation of Mr. Compagni's property's conditional use permit that purportedly (and pretexturally) relied

upon the state and condition of his premises as they existed in 2017-2019. A 'snapshot' of the
conditions and state of Mr. Compagni's premises in the years' 2017-2019 exist and have been in
Defendants possession well before Mr. Compagni filed suit in or about May 5, 2020. Two
retained expert reports were drafted between 2017 and 2019 whose focus was a determination of
whether Mr. Compagni's premises were in compliance with the County's conditional use permit.
The results of these two reports were garnered upon a physical inspection of Mr. Compagni's
property. Thus, on or about February of 2018, Mr. Compagni retained Brent Cross, P.E. who,
upon a physical inspection of Mr. Compagni premises, concluded that said premises were in
compliance with the conditional use permit. See, Exh.2. In response to receiving Brent Cross'
report, the Defendants retained their own expert, Charles Feiszli, P.E. who conducted his own
physical inspection in or about October of 2019. Charles Feiszli concurred with Brent Cross'
report finding that Mr. Compagni's property was compliant with his use permit.

 As such, Defendants' broad brush attempt to re-enter Mr. Compagni's property is a
paradigmatic fishing expedition where any and all potential evidence adduced on account of
Defendants' undertaking "inspection, measuring, surveying, photographing, testing or sampling"
is absolutely irrelevant to the claims at bar and most definitively duplicative to the otherwise
relevant and highly determinative two previous and contemporaneous "inspections, measuring,
surveying, photographing, testing and sampling conducted." *See, Ghonda v. Time Warner Cable,
Inc.*,  2017 U.S. Dist. LEXIS 11769, 2017 WL 395111 (E.D.N.Y. Jan. 27, 2017) (defendants
should not be permitted "to conduct a fishing expedition in the hopes of uncovering some
potentially damaging information" about plaintiff"); *United States v. International Business
Machines Corp*. 83 F.R.D. 97, 106-107(S.D.N.Y. 1979) ("the overbreadth element is but a
restatement of the proposition that the relevance of and need for [evidence] sought will bear on

the reasonableness of the subpoena. To the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable); *Arroyo v. City of Buffalo*, 2018 U.S. Dist. LEXIS 157127, 2018 WL 4376798, (W.D.N.Y. Sept. 13, 2018) ("to be sustained, an objection based on overbreadth requires a showing that the interrogatory 'extends to information not relevant to the claims or defenses in the matter'); *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, 2013 U.S.Dist.LEXIS 121134, at *10(N.D.N.Y. July 17, 2013) ("the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome.")

Thus, when considering the breadth of Defendants' request in light of the standards that eschew overbroad and duplicative subpoena demands, Defendants subpoena is most assuredly unreasonable.[5]

---

[5] Additionally, were the Court inclined, the analysis above similarly warrants the imposition of a protection order pursuant to Fed. R. Civ. P. 26(b)(1). Thus, pursuant to Section 26(b)(1), the Court may limit: the frequency or extent of the use of discovery methods otherwise permitted under [the federal] rules ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2). Thus, given that Defendants' subpoena demands '(i) cumulative and duplicative discovery,' i.e., inspection, tests, etc. that were previously and contemporaneously undertaken and thus informed Defendants conduct that forms the basis of Plaintiff's claims, (ii) Defendants are in possession of the discovery they now seek, i.e., inspection, test results, photos, etc of Mr. Compagni's property as it had existed during the relevant time period pertaining to Mr. Compagni's claims; and (iii) the burden to Mr. Compagni's business operation by having to incur the interruption of a formal inspection on business property as well as to Mr. Compagni's privilege of retaining his privacy interests in his private property.

ii.    **As a fifth physical inspection of Plaintiff's commercial property is unduly burdensome, Defendants' subpoena most dispositively warrants quashing**

Similarly, the third criteria for quashing a subpoena, unduly burdensome turns, in part, on why and how the requested material is relevant. *IBM*, 83 F.R.D. at 104. In determining whether a subpoena subjects a witness to undue burden, a court must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source. It obviously is a highly case specific inquiry and entails an exercise of judicial discretion." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293 (2009) (*quoting, Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996)). Whether a subpoena imposes an undue burden depends upon "such factors as relevance, the need of the party for the [evidence], the breadth of the request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *United States v. Int'l Bus. Mach. Corp.,* 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

Similarly, whether a subpoena produces annoyance, embarrassment, oppression, or expense are also imperative considerations under Fed. R. Civ. P. 26(c). *Cook v. Howard*, 484 Fed.Appx. 805, 812 (4th Cir. Aug. 24, 2012)(the protections conferred by Rule 26 are incorporated in Rule 45(d)(3)); *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)(whether (i) the subpoena was issued primarily for the purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case).

Here, when considering the analysis above regarding the demands' absence of relevance, its duplicativeness and overbreadth, as well as its inconsequentiality to Mr. Compagni's claims and/or Defendants' defenses, the balance of interests in quashing outweigh any demand of compliance with the subpoena. *Concord Boat*, 169 F.R.D. 44. Such balance further tips in favor of quashing Defendants' subpoena wherein Mr. Compagni and his business, Economy Paving Inc. whose operations take place on the property Defendants seek to inspect, has set out the particular undue burden he and Economy Paving would face were Defendants' intended inspection to take place. *See, Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas,* 262 F.R.D. 293, 300 (S.D.N.Y. 2009) ("'A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request").

In his January 11, 2023 affirmation in support of the instant motion, Mr. Compagni affirms that currently, and continuing more intensely in the spring and summer of 2024, he and Economy Paving are engaged in a gargantuan New York State public works project wherein he has been contracted to divert Highway I-81 from its current configuration to the outskirts of of the City of Syracuse. *See*, https://webapps.dot.ny.gov/i-81-viaduct-project. The heavy equipment necessary to undertake this project is housed, stored, and transported to and from the property yard in question. Given the I-81 project's tight schedule, the time and expense of having to coordinate both the movement of machinery on the property to make way for any inspection, as well as the allocation of his limited staff to create a safety team to ensure the safety of Defendants' inspectors when venturing onto an extremely active and thereby dangerous equipment yard, is most unduly burdensome. Exh.7, Affirmation of Stephen Compagni, dated January 11, 2024, ¶ 5. Mr. Compagni also reaffirms the burden of having to accommodate yet an

additional inspection when there had occurred four previous site inspections that affirmed the property's compliance with his conditional use permit. Exh.7, ¶¶6, 8. Lastly, Mr. Compagni states that given that the I-81 project's timeframe will exponentially increase with the advent of more temperate weather in the spring and summer months, allocation of both time, financial expense, and employee staff towards the accommodation of a most duplicative and irrelevant third inspection of his extremely overly active property yard is a significant disruption to the otherwise tight scheduling that Economy Paving is under given the enormity of the I-81 project. Thus, Mr. Compagni makes it abundantly clear that given the current and future circumstances regarding Economy Paving and its impact on the use of its property, a duplicative (and otherwise harassing) fifth inspection is most unduly burdensome.

As a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," Fed. R. Civ. P. 45(d)(1)[6] the preceding analysis, as well as Mr. Compagni's affirmation, makes plain that the burden that a fifth inspection would pose is reasonably significant such that when adding said burden to the subpoena's absence of relevance, duplicativeness and overbreadth, Mr. Compagni has

---

[6] Rule 45 governing subpoenas to non-parties provides:

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. . . .

(2) *Command to Produce Materials or Permit Inspection* . . . .

(B) Objections. . . .

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena*.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond [*11]  the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d).

sufficiently satisfied the conditions that vie in favor of this Court's order quashing said

subpoena. *See, for e.g., Travelers Indem. Co. v. Metropolitan Life Ins. Co*., 228 F.R.D. 111 (D.

Conn. 2005)(in evaluating "undue burden," a court is required to weigh the burden to the

subpoenaed party against the value of the information to the serving party.").

> **D.  Plaintiff's privacy interest in his commercial property elicits Rule 45's authority to quash Defendants' subpoena seeking to physically enter and inspect his property**

Lastly, as Rule 45(d)(3)(A) requires the court, "to quash or modify a subpoena that

"requires disclosure of privileged or other protected matter, if no exception or waiver applies,"

here the privilege at play is Mr. Compagni's expectation of privacy in his private property. It is

paradigmatic that "all the court's ruling on motions to quash first determined whether the party

seeking to quash had a privilege or privacy interest at stake." *Meyer Corp. U.S. v. Alfay Designs,*

*Inc*., 2012 U.S. Dist. LEXIS 114533, 2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012).

With respect to privacy interests in commercial property, the Supreme Court has found

that owners or operators of a business have an expectation of privacy in their commercial

property. *New York v. Burger*, 482 U.S. 691, 699-700 (1987). Thus, it is well-settled that

commercial privacy interests are protected under the Fourth Amendment prohibition of

unreasonable searches and seizures. *See v. City of Seattle*, 387 U.S. 541, 543(1967); *Katz v.*

*United States*, 389 U.S. 347, 351-52 (1967) (the expectation of privacy is attenuated in

commercial property engaged in "closely regulated" industries).

Thus, given the lack of relevance, overbreadth, and duplicativeness of Defendants'

subpoena, Defendants' attempt to effectuate an inspection is an otherwise disguised attempt to

conduct a search of Mr. Compagni's commercial property with the transparent aim of 'fishing'

for administrative infractions that Defendants might seek to use as leverage in the instant

proceeding. While under *Burger*, 482 U.S. at 693-94, 698, a Fourth Amendment search of

commercial property is prohibited where a criminal search is undertaken under the guise of an

administrative, regulatory inspection, here, Defendants, although not repeating their previous

reliance on a per se criminal investigation/prosecution against Mr. Compagni, are attempting an

administrative inspection without any expressly stated grounds by way of a meritless subpoena

within the discovery posture of a pending lawsuit. As such attempt to acquire disclosure of a

matter of Mr. Compagni's privileged and protected privacy interests, i.e., his personal

commercial property, Defendants instant subpoena is most appropriately subject to quash. *Meyer

Corp.*, 2012 U.S. Dist. LEXIS 114533, 2012 WL 3537001, at *1; Fed. R. Civ. P.

45(d)(3)(A)(iii)(a court "must quash or modify a subpoena that . . . requires disclosure of

privileged or other protected matter, if no exception of waiver applies.").

## CONCLUSION

On account of the following analysis and argument, Plaintiff Stephen Compagni's

Motion to Quash Defendants' Subpoena to Inspect and/or Issuance of a Protective Order must be

granted in its entirety.

Dated: January 11, 2024                              RYDER LAW FIRM

                                                     Jesse P. Ryder, Esq.
                                                     (Bar No. 511300)
                                                     6739 Myers Road
                                                     East Syracuse, New York  13057
                                                     ryderlawfirm@gmail.com
                                                     Phone: 315-382-3617
                                                     Fax: 315-295-2502

                                                     *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 11th day of January 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and caused to be served upon all counsel of record via the CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*Jesse P. Ryder*
Jesse P. Ryder, Esq.