UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEPHEN COMPAGNI, INDIVIDUALLY AND AS SOLE OFFICER OF ECONOMY PAVING INC.,

           Plaintiffs,
vs.

TOWN OF CORTLANDVILLE, TOWN OF CORTLANDVILLE PLANNING BOARD, JOHN DELVECCHIO, in his Individual and Official Capacity, JOHN FOLMER, in his Individual and in his Official Capacity, KATHERINE WICKWIRE, in her Individual and in her Official Capacity, CHRISTOPHER NEWELL, Individually and in his Official Capacity, NICHOLAS RENZI, Individually and in his Official Capacity, NASRIN PARVIZI, Individually and in her Official Capacity, BRUCE WEBER, Individually and in his Official Capacity, RICHARD TUPPER, Individually and in his Official Capacity, and DOES 1-100,

           Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE A PARTY PURSUANT TO FED. R. CIV. P. 25**

Civil Action No.: 5:20-cv-00489-GTS-ATB

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE A PARTY PURSUANT TO FED. R. CIV. P. 25**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i
TABLE OF AUTHORITIES .................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 1
PROCEDURAL BACKGROUND............................................................................................ 2
ARGUMENT ............................................................................................................................ 4

    I.    A lawful representative of the deceased party is a proper party to be substituted under Fed. R. Civ. P. 25A................................................................ 4

    II.    Plaintiff's claims have not been extinguished upon Mr. Folmer's passing as they are survivable claims as a matter of law. ............................................... 5

    III.    Plaintiff's Motion for Substitution comports with the time limitations of Rule 25 and is thereby timely ................................................................................... 6

CONCLUSION.......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Allen ex rel. Allen v. Devine*,
  2011 U.S. Dist. LEXIS 123681, 2011 WL 5117619 (E.D.N.Y. Oct. 25, 2011) ..................... 5, 6

*Barrett v. U.S.*,
  651 F. Supp. 604 (S.D.N.Y. 1986) ............................................................................................ 6

*Barrett v. United States,*
  689 F.2d 324 (2d Cir. 1982) ...................................................................................................... 6

*Bruccoleri v Gangemi*,
  2019 WL 499769 (EDNY 2019) ............................................................................................... 5

*Coleman v. Sys. Dialing LLC*,
  2015 U.S. Dist. LEXIS 169509, 2015 WL 9275684 (S.D.N.Y. Dec. 18, 2015) ........................ 6

*Doe v Indyke*,
  457 F.Supp 3d 278, 282 (SDNY 2020) ..................................................................................... 7

*English v. Murphy-Lattanzi*,
  2015 U.S. Dist. LEXIS 18114, 2015 WL 630248 (E.D.N.Y. Feb. 12, 2015) ............................ 6

*Graham v. Henderson*
  224 F.R.D. 59 (N.D.N.Y. 2004) ................................................................................................ 6

*Low v. Tian,*
  2015 U.S. Dist. LEXIS 28823, 2015 WL 1011699 (S.D.N.Y. Mar. 9, 2015) ............................ 6

*Matter of Flaum v Birnbaum*,
  177 AD2d 170 (4th Dept 1992) ................................................................................................. 7

*Natale v. Country Ford Ltd.*, 287 F.R.D. 135 (E.D.N.Y. 2012) ................................................. 4, 5

*Shapiro v. United States*,
  2008 U.S. Dist. LEXIS 74252, 2008 WL 4302614, (S.D.N.Y. Sept. 17, 2008) ........................ 5

*Sinito v. U.S. Dep't of Just.*,
  176 F.3d 512 (D.C. Cir. 1999) ................................................................................................... 5

*Tankleff v. Cnty. Of Suffolk,*
  2016 U.S. Dist. LEXIS 72745, 2016 WL 3162059
  (E.D.N.Y. June 2, 2016) ............................................................................................................ 4

ii

*U.S. Bank N.A. v. Sager*,
  2022 U.S. Dist. LEXIS 172689, 2022 WL 4392668, (E.D.N.Y. Sept. 23, 2022) ...................... 5

**Statutes**

Fed. R. Civ. P. 25(a) ................................................................................................................ 4, 6, 8

N.Y. Estates Powers and Trusts Law § 1-2.13 ...................................................................... 5, 6, 7

Case 5:20-cv-00489-AMN-MJK   Document 68-7   Filed 01/24/24   Page 5 of 13

Plaintiff, Stephen Compagni, by his undersigned counsel, respectfully submits this memorandum of law in support of plaintiffs' motion pursuant to Fed. R. Civ. P. 25(a)(1) for the Court to issue orders: (1) substituting Tiffany Lawrence, in place and stead, and as a representative of, the estate of the deceased defendant, John Folmer and a proper party for such substitution to be made; and, (2) amending the caption of this action accordingly.

## PRELIMINARY STATEMENT

This application is being made pursuant to Fed. R. Civ. P. 25 (a)(1) to substitute Tiffany Lawrence, in her representative capacity as the representative of the estate of deceased defendant, John Folmer, as a party to this action. Mr. Folmer died on May 28, 2023 and thereafter, on or about September 27, 2023, the Surrogate Court of the County of Cortland decreed that that Tiffany Lawrence was to be issued the estate's Letters of Administration, and henceforth possess the authority to pass real and personal property as directed and designated through John Folmer's Last Will and Testament.

The complaint in this action alleges six federal Section 1983 claims and three state claims that rely upon Defendants' unreasonable, pretextual, conspiracy laden and process deficient seizure of his business property's conditional use permit. See, Complaint, dated May 1, 2020, ("Complaint") Dkt. 1. Defendant John Folmer's conduct and liability thereupon is significantly integral to Mr. Compagni's claims where such conduct was fully examined, and thus preserved, by way of a videotaped deposition taken on or about March 20, 2023. Under New York law, no cause of action for injury to person or property is lost because of the death of the person liable. Since the causes of action alleged in this case involve injuries to person or property, these claims survive and are not abated by the Mr. Folmer's death. However, under New York and federal common law, there is a strong public policy against the assessment of punitive damages against

1

an estate on account of the wrongful conduct of the decedent. Accordingly, to the extent that the complaint seeks an award of punitive damages against John Folmer as the result of his wrongful conduct, Complaint. ECF Dkt. No. 1, ¶ 78, plaintiff's claim for punitive damages with respect to the decedent is extinguished by his death.

John Folmer died on May 28, 2023, and as of the date of this application his estate has been probated with the County of Cortland's Surrogate Court duly decreeing that Tiffany Lawrence, Mr. Folmer's daughter, was to be issued the Estate's Letters of Administration, and henceforth possessed the authority to pass real and personal property as directed and designated through John Folmer's Last Will and Testament. Exh. 1, Surrogate Court of Cortland County's Decree Granting Probate Administration, dated September 27, 2023. As such, in serving as duly decreed representative of John Folmer's estate, Ms. Lawrence is the proper party for substitution following the death of her father and defendant, John Folmer.

**PROCEDURAL BACKGROUND**

This action was commenced on May 1, 2020 by the filing of a complaint against Defendants, Town of Cortlandville, Town of Cortlandville Planning Board, John Delvecchio, Katherine Wickwire, Christopher Newell, Nicholas Renzi, Nasrin Parvizi, Bruce Weber, Richard Tupper, and Does 1-100. The complaint seeks damages and declaratory relief on account of Defendants' constitutionally and ethically infirm conduct wherein they blatantly disregarded Mr. Compagni's rights as both a property owner and citizen on account of conducting themselves in a manner that quintessentially epitomizes government overreach. Complaint ECF Doc. No. 1, ¶¶ 11-85.

Thereafter, Mr. Compagni has affirmatively engaged in extensively conducting discovery having taken to date, thirteen depositions. On the eve of the closing of discovery scheduled to

occur on November 30, 2023, Defendants, on or about November 13, 2023, served a subpoena to conduct an inspection upon Plaintiff's property. As Plaintiff's counsel was preparing a motion to quash, Defendants requested that this Court, in a telephone conference held on November 15, 2023, grant an extension to the fact discovery deadline. The Court extended the fact discovery deadline to April 1, 2024. See ECF Dkt. 65. Text Order.

Also during the November 15, 2023 status conference, this Court acknowledged the party's stipulation that Defendants' October 30, 2023 letter announcing the death of Defendant John Folmer "constitute[d] a valid suggestion of death with respect to defendant John Folmer under Rule 25." See ECF Text Minute Entry, dated November 20, 2023.

On or about January 12, 2023, Mr. Compagni filed a Motion to Quash and/or Issuance of Protective Order with respect to Defendants' Subpoena to Inspect, dated December 28, 2023. Said motion is pending with oppositions due on January 30, 2024. See, Text Minute Entry, November 20, 2023.

John Folmer died on May 28, 2023 having left a Last Will and Testament. A Probate Petition and Appointment of Administrator was filed with the Surrogate Court, County of Cortland, on or about August 15, 2023 seeking Mr. Folmer's daughter, Tiffany F. Lawrence to serve as administrator/proposed executor. Exh. 2, Probated Petition and Appointment of Administrator, August 15, 2023. After completing probate, Surrogate Court Justice Julie A. Campbell issued a decree recording John Folmer's Last Will and Testament and issuing Letters of Administration to Tiffany F. Lawrence. Exh. 1, Decree Granting Probate Administration, dated September 27, 2023.

At this Court's November 15, 2023 status conference, and as memorialized in the Court's Text Minute Entry, the Court acknowledged the party's stipulation as to Defendants' letter

3

announcing Mr. Folmer's death as the valid and required 'suggestion of death,' thereby triggering Rule 25(a)(1)'s 90 day period for filing a Motion for Substitution. Thus, a Motion for Substitution must be filed on or before February 13, 2024.

Thus, Plaintiff respectfully requests the issuance of an order substituting Tiffany Lawrence in this action as the representative of deceased Defendant John Folmer in order that this matter might proceed without any undue delay.

## ARGUMENT

### I. A lawful representative of the deceased party is a proper party to be substituted under Fed. R. Civ. P. 25(a).

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that, in the event of the death of a party and the claims against him are not extinguished, upon the timely motion of a party or by the decedent's successor or representative, the court may order the substitution of the proper party in order that the action may proceed.

A "proper party" for substitution under Rule 25(a)(1) can be one of three categories of a person: 1) a successor of the deceased party - a distribute of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, 2) a representative of the deceased party - a person lawfully designated by state authority to represent the deceased's estate, or 3) the primary beneficiary of an unprobated intestate estate which need not be probated. *See Tankleff v. Cnty. Of Suffolk,* 2016 U.S. Dist. LEXIS 72745, 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016).; *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012)

Under New York law, a "representative" is a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate. *Natale,* 287 F.R.D. at 137, *citing* N.Y. EPTL § 1-2.13; *Shapiro v. United*

4

*States*, 2008 U.S. Dist. LEXIS 74252, 2008 WL 4302614, at *1 (S.D.N.Y. Sept. 17, 2008). Nevertheless, courts have held that "the purpose of Federal Rule of Civil Procedure 25 is to allow more flexibility in substitution," and thus "a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate." *Sinito v. U.S. Dep't of Just*., 176 F.3d 512, 516(D.C. Cir. 1999); *U.S. Bank N.A. v. Sager*, 2022 U.S. Dist. LEXIS 172689, 2022 WL 4392668, at *3 (E.D.N.Y. Sept. 23, 2022)(although a state court determination can be helpful in identifying a decedent's successor or representative, no such designation is required before a federal court can determine the proper party for substitution). Notwithstanding this flexibility, "it is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party." *Sinito*, 176 F.3d at 516.

Here, the purported party to be substituted, Tiffany Lawrence, had been duly decreed administrator of the Estate of John Folmer before the Surrogate Court and as such, Mr. Lawrence is a 'proper party' for substitution under Rule 25(a)(1). *Natale*, 287 F.R.D. at 137; N.Y. Estates Powers and Trusts Law ("EPTL") § 1-2.13.

### II.     Plaintiff's claims have not been extinguished upon Mr. Folmer's passing as they are survivable claims as a matter of law.

For a timely motion to substitute to be granted, the Court must find that (1) the claims survive the decedent's death, i.e., the claims have not been "extinguished," and (2) the party sought to be substituted is a 'proper party.' *Bruccoleri v Gangemi*, 2019 WL 499769, at *7 (EDNY 2019).

The question of whether a claim is extinguished or survives the death of a party is based upon the substantive law." *Allen ex rel. Allen v. Devine*, 2011 U.S. Dist. LEXIS 123681, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011). In the Second Circuit a claim survives an injured

5

party's death "if applicable state law creates a right of survival." *Barrett v. United States,* 689 F.2d 324, 331 (2d Cir. 1982); *Johnson v. Morgenthau*, 160 F.3d 897, 898 (2d Cir. 1998).

In New York, "EPTL Section 11-3.2 of the Estates Powers and Trusts Law governs the survival of legal causes of action following a litigant's death." *English v. Murphy-Lattanzi*, 2015 U.S. Dist. LEXIS 18114, 2015 WL 630248, at *2 (E.D.N.Y. Feb. 12, 2015); *see also Low v. Tian,* 2015 U.S. Dist. LEXIS 28823, 2015 WL 1011699, at *2 (S.D.N.Y. Mar. 9, 2015). Generally, actions in tort and in contract survive the death of a party. *Allen ex rel. Allen*, 2011 U.S. Dist. LEXIS 123681 at *4. Similarly, controlling precedent indicates that a section 1983 claim would survive a defendant's death under New York law. *Barrett v. U.S.,* 651 F. Supp. 604, 606 (S.D.N.Y. 1986)(*citing* cases and N.Y. Est. Powers & Trusts Law § 11-3.2); *Graham v. Henderson* 224 F.R.D. 59, 62(N.D.N.Y. 2004).

Here, Mr. Compagni has asserted both federal constitutional claims pursuant to Section 1983 against all Defendants, as well as tort claims under New York law including trespass, malicious prosecution, intentional infliction of emotional distress, and negligent training, discipline, retention, and supervision, all of which are claims that survive a defendant's death under New York State law and are by no means extinguishable.

### III. Plaintiff's Motion for Substitution comports with the time limitations of Rule 25 and is thereby timely.

A motion for substitution of a deceased party must be made within 90 days after service of a statement noting death. Fed. R. Civ. P. 25(a)(1). At this Court's November 15, 2023 status conference, and as memorialized in the Court's Text Minute Entry, the Court acknowledged the party's stipulation as to Defendants' letter announcing Mr. Folmer's death as the valid and required 'suggestion of death.' *See, Coleman v. Sys. Dialing LLC*, 2015 U.S. Dist. LEXIS 169509, 2015 WL 9275684, at *3 (S.D.N.Y. Dec. 18, 2015)(letter filed via the Court's electronic

6

filing system is sufficiently formal to the Court and opposing party to qualify as a statement of death to trigger the 90-day substitution period under Rule 25).

Here, as 90 days from November 15, 2023 is February 13, 2024, Plaintiff's instant motion is most timely.

Similarly, under Rule 25, "a motion to substitute, together with a notice of hearing, must be served on the parties . . . and on nonparties as provided in Rule 4 . . . [and a] statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3).

Here, Plaintiff has duly declared that it had electronically served the instant motion to Defendants' counsel, as well as posted service by mail to third party counsel, Donald Armstrong of Pomeroy, Armstrong, Cosullo, LLP who had represented the Estate of John Folmer in Surrogate Court, County of Cortland, as well as Tiffany F. Lawrence, administrator of the Estate of John Folmer. See, Exh. 3, Affidavits of Service.

However, to the extent that Plaintiffs' claims also include a request for the award of punitive damages, Complaint, ECF Doc. No. 1, ¶78, that aspect of Plaintiffs' claims for damages is abated and extinguished with respect to the decedent as the result of his death. See, EPTL Section 11-3.2(a)(1)("punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury"); *Matter of Flaum v Birnbaum*, 177 AD2d 170 (4th Dept 1992) ("There is a strong policy against the assessment of punitive damages against an estate on account of the wrongful conduct of the decedent."); *Doe v Indyke*, 457 F.Supp 3d 278, 282-83(SDNY 2020)(it is the majority rule and the strong public policy against the assessment of punitive damages against an estate on account of the wrongful conduct of the decedent).

## CONCLUSION

Since this motion pursuant to Fed. R. Civ. P. 25 (a) (1), has been timely made, and since plaintiffs' claims are injuries to person and property eliciting federal constitutional rights and torts claims under New York law, Plaintiff's claims survive the death of the defendant, John Folmer. Additionally, in having been duly decreed administrator of the Estate of John Folmer, Tiffany F. Lawrence is thus the duly representative of Mr. Folmer's estate. As such, Plaintiff respectfully requests this Court to enter orders: (1) directing that Tiffany F. Lawrence, in her representative capacity, be substituted in this action as the representative of defendant John Folmer; and, (2) that the caption of this action be amended accordingly, together with such other and further relief as to the court may be necessary and proper in the premises.

Respectfully Submitted,

Ryder Law Firm

*Jesse P. Ryder*

Jesse Ryder
(Bar No. 511300)
6739 Myers Road
East Syracuse, New York 13057
ryderlawfirm@gmail.com
Phone: 315-382-3617
Fax: 315-295-2502

## CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that on the 24th day of January 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and caused to be served upon all counsel of record via the CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*Jesse P. Ryder*
Jesse P. Ryder, Esq.