UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEPHEN COMPAGNI, INDIVIDUALLY
AND AS SOLE OFFICER OF ECONOMY
PAVING INC.,

       Plaintiffs,

vs.

TOWN OF CORTLANDVILLE, TOWN
OF CORTLANDVILLE PLANNING
BOARD, JOHN DELVECCHIO, in his
Individual and Official Capacity, JOHN
FOLMER, in his Individual and in his
Official Capacity, KATHERINE
WICKWIRE, in her Individual and in her
Official Capacity, CHRISTOPHER
NEWELL, Individually and in his Official
Capacity, NICHOLAS RENZI, Individually
and in his Official Capacity, NASRIN
PARVIZI, Individually and in her Official
Capacity, BRUCE WEBER, Individually
and in his Official Capacity, RICHARD
TUPPER, Individually and in his Official
Capacity, and DOES 1-100,

       Defendants.

Civil Action No.: 5:20-cv-00489-GTS-ATB

**MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE REPLY TO DEFENDANTS' OPPOSITION TO MOTION PURSUANT TO F.R.C.P. RULES 45(C)(3) AND 26(C)**

Jesse P. Ryder. Esq.
(Bar No. 511300)
6739 Myers Road
East Syracuse
New York 13057
315-382-3617
ryderlawfirm@gmail.com

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE REPLY TO DEFENDANTS' OPPOSITION TO MOTION PURSUANT TO F.R.C.P. 45©(3) AND 26©**

Under N.D.N.Y. Local Rule 7.1(b)(2), a party must first seek permission of the Court prior to filing reply papers in support of a non-dispositive motion. Local Rule 7.1(b)(2); *NXIVM Corp. v. Foley* 2015 U.S.Dist.LEXIS 161410, at *15 (N.D.N.Y. Dec. 2, 2015). Thus, Plaintiff has been reasonably compelled to seek leave to file a reply brief in support of his Motion to Quash in order to bring to this Court's attention Defendants' unabashedly false misrepresentations, deliberately misleading argument, and mischaracterizations that they solely rely upon in opposing Plaintiff's Motion to Quash. Dkt. 67. As a reply brief's purpose is to respond to the arguments made in opposition to the initial motion, *Miller v. Levi & Korsinsky, LLP* 2023 U.S.Dist.LEXIS 173012, at *31(S.D.N.Y. Sep. 27, 2023), here, Defendants posit that parity requires that they have an opportunity for an engineer to conduct an inspection on Plaintiff's property in order to rebut Plaintiff's inspection and engineering report that was conducted more contiguous in time to the events forming the basis of Plaintiff's claims at bar. In positing such, Defendants' conceal from this Court the factual record that Defendants had previously conducted an inspection and produced an engineering report (again, contiguous to the facts supporting the claims at bar) in rebuttal to Plaintiff's inspection and engineering report. Any assertion claimed by Defendants that they were deprived of an opportunity to inspect is a complete and utter misrepresentation. Defendants are intentionally burying the existence of their October 2019 inspection and engineering report authored by Charles Feiszli solely on account that Mr. Feiszli's report concluded that Plaintiff's property was in compliance with the County's conditional use permit. See, Exh. 3, in Support of Plaintiff's Motion to Quash, Feiszli Report, Dkt. 67-4. As Plaintiff had exhaustively argued in his Opening Brief, Defendants' request to inspect Plaintiff's property is duplicative and lacks relevancy where the question of Plaintiff's

compliance with his use permit had already been confirmed by Defendants on account of undertaking an inspection and authoring an engineering report that was conducted in temporal proximity to that events that form the basis for Plaintiff's claims. Any assertion that an inspection is necessary some five to seven years after Defendants' revoked Plaintiff's permit in order to work backwards to assess whether Defendants were justified in revoking Plaintiff's permit is wholly belied by the fact that Defendants had already conducted an inspection and drafted an engineering report in temporal proximity to their revocation that concluded that Plaintiff's property was in compliance with his use permit. The disingenuousness of Defendants arguments for conducting a contemporaneous inspection in order to work backwards for determining whether Defendants revocation was justified is glaringly revealed.

      Defendants additionally and erroneously assert that on account that Plaintiff is seeking to submit expert testimony by Mr. Brent Cross that they in turn can submit their own expert and conduct their own inspection. Again, this is a blatant misrepresentation where Plaintiff's engineering report conducted by Brent Cross in or about February 2018 is merely part of the factual record where Plaintiff is by no means seeking to rely on Mr. Cross's, nor his report, as an expert witness at trial. Plaintiff's Rule 26 disclosure confirms Plaintiff's position as Mr. Cross is absent from any such disclosure. Defendants' Rule 26 disclosure is similarly absent in noticing Kurt Bedore or any other expert witness. Defendants arguments in oppositions are blatant misrepresentations that this Court must take notice in order to rebuff Defendants' most transparent attempt to engage in an inspection whose intention is more aligned with a fishing expedition than a necessary and legitimate pursuit of relevant and non-duplicative discovery.

Thus, as the entirety of Defendants' opposition relies upon the above misrepresentations, it is imperative that the Court is apprised of such in order to render a just and factually supported result. To this end, Plaintiff respectfully seeks leave to file a reply brief.

If the Court grants Plaintiff the leave requested, Plaintiff's proposed reply is annexed hereto as Exhibit A.

                                         Respectfully Submitted,

                                         RYDER LAW FIRM

*Jesse P. Ryder*
Jesse P. Ryder. Esq.
6739 Myers Road
East Syracuse
New York 13057
315-382-3617
ryderlawfirm@gmail.com

**PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE REPLY TO DEFENDANTS' OPPOSITION TO MOTION PURSUANT TO F.R.C.P. 45©(3) AND 26©**