**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

STEPHEN COMPAGNI, INDIVIDUALLY
AND AS SOLE OFFICER OF ECONOMY
PAVING INC.,

           Plaintiffs,

      vs.

TOWN OF CORTLANDVILLE, TOWN
OF CORTLANDVILLE PLANNING
BOARD, JOHN DELVECCHIO, in his
Individual and Official Capacity, JOHN
FOLMER, in his Individual and in his
Official Capacity, KATHERINE
WICKWIRE, in her Individual and in her
Official Capacity,  CHRISTOPHER
NEWELL, Individually and in his Official
Capacity, NICHOLAS RENZI, Individually
and in his Official Capacity,  NASRIN
PARVIZI, Individually and in her Official
Capacity, BRUCE WEBER, Individually
and in his Official Capacity, RICHARD
TUPPER, Individually and in his Official
Capacity,  and DOES 1-100,

           Defendants.

Civil Action No.:  5:20-cv-00489-GTS-ATB

**PLAINTIFF'S REPLY TO DEFENDANTS'**
**OPPOSITION TO MOTION PURSUANT**
**TO F.R.C.P. RULES 45(C)(3) AND 26(C)**

Jesse P. Ryder. Esq.
6739 Myers Road
East Syracuse, New York  13057
ryderlawfirm@gmail.com
Phone: 315-382-3617
Fax: 315-295-2502

*Counsel for Plaintiff*

**ARGUMENT**

Plaintiff submits this Reply on the grounds that the Defendants' Opposition brief is rife with misrepresentations that are deliberately misleading, as well as argument relying upon factually erroneous characterizations.

In response to the standards that this Court must apply in determining whether a subpoena can survive a Rule 45 Motion to Quash and that were set out in Plaintiff's moving papers, i.e., a subpoena is quashable where it is "over-broad, duplicative, or unduly burdensome." *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.),* 581 F. Supp. 3d 509, (S.D.N.Y. 2022), Defendants assert most egregious misrepresentations whose intention can only be interpreted as an attempt to misguide the Court.

**Defendants instant subpoena to inspect is duplicative as Defendants' hired Engineer, Charles Feiszli found that Plaintiff's property was in compliance with the property's use permit upon inspection in October 2019.**

Primarily, with respect to the above factor of whether Defendants request to inspect Plaintiff's property is duplicative given that their hired engineer, Charles Feiszli, conducted a contemporaneous inspection and authored a report in or about October 2019 finding that Plaintiff's property was in compliance with his use permit, See Exh.3 in Support of Motion to Quash, Feiszli Report, Dkt. 67-4, Defendants' attempt to distinguish that inspection and report(which Defendants subsequently deny the existence of) by positing that said inspection took place prior to litigation(but in temporal proximity to the revocation) and thus, Defendants "did not have standing, the opportunity or the means or wherewithal to hire their own expert to inspect the property before litigation was commenced." Defendants Opposition, p. 5. Such supposition could not be further from the truth. The entirety of the named Defendants were either

Board members, Town Counsel, (other titles) at the time that Mr. Feiszli, at the behest of

Defendants' Town and individual Planning Board members, conducted his inspection and

findings. To argue that somehow Mr. Feiszli's inspection and findings that took place

contemporaneously with the revocation of Plaintiff's use permit were not taken at the behest of

Defendants, i.e., that the named Defendants are somehow positioned differently after being

named Defendants in the instant lawsuit than their position six years ago when they

commissioned Mr. Feiszli to undertake an inspection of Plaintiff's property, belies reason and is

palpably meritless. Mr. Feiszli's inspection and engineering report were unequivocally convened

by Defendants in direct response to the inspection and findings of Brent Cross, who conducted

said inspection in response to Defendants overture that they would return Plaintiff's permit were

he to produce an engineering report that found that his stormwater management system was in

compliance with his use permit. As Mr. Cross presented a report attesting to Plaintiff's

compliance in or about February 2018, Defendants sought to rebut Mr. Cross's findings by hiring

Mr. Feiszli to conduct his own inspection and to present his own findings. See Exh.2 in Support

of Motion to Quash, Cross Report, Dkt. 67-3, Mr. Feiszli duly carried out an inspection of

Plaintiff's property and found that indeed, his findings comported with Mr. Cross's findings that

Plaintiff's stormwater drainage system was in compliance with his conditional use permit. See,

Feiszli Report, Dkt. 67-4.

Thus Defendants' insinuation that either Mr. Feiszli's inspection never occurred,[1] see

Opposition, p. 5, Gulisano Affirmation, ¶ 24, and or that as Defendants, they haven't availed

---

[1] Given that Defendants' October 2019 inspection conducted by Charles Feiszli deemed that
Plaintiff's property was compliant with his use permit, Defendants were loath to both disclose
Mr. Feiszli's report in the first instance during discovery, and to speak extensively about its
existence during depositions. Nevertheless, both Defendants' Nicholas Renzi and John Folmer

themselves of an inspection is but a mere obfuscation of the facts in order to rebut Plaintiff's

assertion that a subpoenaed inspection at this time is not only irrelevant to the claims at bar, but

most significantly, duplicative of the inspection performed by both Brent Cross and Charles

Feiszli in temporal proximity to the 2017 permit revocation in which Mr. Feiszli's findings

comported with Mr. Cross's findings that Plaintiff's stormwater management system was

compliant with the County's conditional use permit.

> **Neither Plaintiff nor Defendants have designated an engineering expert in their respective Rule 26 disclosures such that Defendants have a reciprocal right to untimely designate an expert to undertake a property inspection**

Defendants similar assertion that somehow Plaintiff is relying upon Mr. Cross as an

expert witness in his instant action and that as such, Defendants are afforded the opportunity to

proffer their own expert who therefore needs to inspect Plaintiff's property in order to inform his

testimony, is again a misrepresentation that is belied by the posture of this case. Plaintiff's Rule

26 disclosure makes plain that Mr. Cross was not designated as Plaintiff's expert witness, but

rather Mr. Cross's engineering report is merely part of the factual record, i.e., evidence that

Plaintiff undertook an inspection of his property by an engineer who deemed said property to be

in compliance with the stormwater management/ drainage regulations required under the Town's

use permit. In response, the Town hired Mr. Feiszli who, after conducting his own inspection and

deriving findings therefrom, corroborated Mr. Cross's findings deeming that Plaintiff's property

was compliant with his use permit. Dkt. 67-3. More telling is that had Defendants believed that

Plaintiff was designating Mr. Cross as an expert witness, they themselves would have disclosed

---

testified that Charles Feiszli was hired to conduct an inspection on Plaintiff's property. See, Exh.1, Deposition Excerpt, Nicholas Renzi, dated February 13, 2023, at p. 188; Exh.2, Deposition Excerpt, John Folmer, dated March 20, 2023, at p.127.

their own expert in their Rule 26 disclosure. However, Defendants' Rule 26 disclosure makes no

mention of an expert witness, let alone the purported expert, Mr. Kurt Bedore, that Defendants

proffer as an inspector to carry out the subpoenaed inspection. Hence, Defendants have

concocted this unavailing argument as to why they should be afforded an otherwise duplicative

inspection whose transparent purpose is to solely 'fish' for permit violations on Plaintiff's

property (that again, has no bearing or relation to Plaintiff's instant claims) in order to distract

from having to confront (and accede to) their own liability before a jury for their egregious,

constitutionally infirm conduct.

Lastly, as argued more exhaustively in Plaintiff's moving papers, a contemporaneous

inspection of Plaintiff's property to determine whether it is in compliance with the Town's

conditional use permit has no relevance to any of Defendants' defenses where the state of

Plaintiff's property, i.e., its compliance with its use permit, today has no bearing on the state of

the property that informed Defendants' conduct 6-7 years ago. Again, had there not been in

existence contemporaneous inspections and engineering reports that found Plaintiff's property to

be in compliance during the temporal period that comprises the events of Plaintiff's lawsuit, then

perhaps, Defendants' argument for relevancy might be negligibly reasonable (although deriving

the state of Plaintiff's property seven years ago upon reliance of its current condition is most

dubious). However, inspections had been conducted and the resulting findings that Plaintiff's

property was compliant with its use permit forecloses any relevancy that an inspection conducted

some five to seven years after the events that informs Plaintiff's claims at bar would otherwise

have. [2]

---

[2] Defendants' deprecatory and dismissive response to the undue burden that Defendants' proposed inspection would cause Plaintiff Stephen Compagni's operations on his property is

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION PURSUANT TO F.R.C.P. RULES 45(C)(3) AND 26(C).**

**CONCLUSION**

On account of the following analysis and argument, Plaintiff Stephen Compagni's

Motion to Quash Defendants' Subpoena to Inspect and/or Issuance of a Protective Order must be

granted in its entirety.


Dated: February 2, 2024

RYDER LAW FIRM

*Jesse P. Ryder*

Jesse P. Ryder. Esq.
6739 Myers Road
East Syracuse
New York 13057
315-382-3617
ryderlawfirm@gmail.com

---

patently insufficient as a rebuttal to Mr. Compagni's showing of undue burden. In so doing,
Defendants have otherwise waived any reasonable argument as to how their proposed inspection
will not create an undue burden to Mr. Compagni and as operations on the property. See Exh.7 in
Support of Motion to Dismiss, Compagni Affirmation, Dkt. 67-8.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION PURSUANT TO F.R.C.P. RULES 45(C)(3) AND 26(C).**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 2nd day of February 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court and caused to be served upon all counsel of record via the CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

_Jesse P. Ryder_
Jesse P. Ryder. Esq.