

Daniel R. Connors
James J. Nash *
Jonathan D. Cox **
Philip M. Gulisano
Andrew J. Kowalewski

344 Delaware Avenue, Suite 400
Buffalo, New York 14202
P: (716) 842-4121
F: (716) 842-8750
*(No Electronic Service)*

George W. Collins, Jr.
Michael B. Dixon
Special Counsel

**www.NashConnors.com**
*Powered By Relationships. Driven By Results.*

Amy Pesta
Paralegal

*Also Admitted in Massachusetts
**Also Admitted in Illinois

March 20, 2024

**VIA CM/ECF ONLY**
Hon. Mitchell J. Katz
U.S. Magistrate Judge
U.S. District Court, Northern District of New York
James M. Hanley Federal Building & U.S. Courthouse
100 S. Clinton Street
Syracuse, New York 13261

RE:   **COMPAGNI v. TOWN OF CORTLANDVILLE, ET AL**
      **Case No      :      5:20-CV-00489 – GTS-ATB**

Dear Judge Katz:

I represent the defendants in the above matter. I write Your Honor to request a phone conference with the Court so that we can address issues relative to a property inspection scheduled to take place next week on March 26, 2024.

Specifically, as this Court is aware, an inspection of plaintiff's property was duly noticed on December 28, 2023, and plaintiff's counsel thereafter moved to quash the notice and/or for a protective order. After briefing, this Court denied plaintiff's motion by text order entered and filed on February 6, 2024. Thereafter, plaintiff's counsel sent correspondence to defense counsel (a copy of which is attached, along with defense counsel's response), whereby he unilaterally imposes extensive conditions on the property, which are unnecessary and clearly designed to attempt to either prevent the inspection as a whole, unduly limit the inspection or circumvent this Court's text order. It should be noted that plaintiff has never imposed such restrictions on the Town or its agents at any time in the past.

We respectfully request a conference with the Court so this dispute can be addressed in advance of the inspection and so that it can proceed without interruption by the plaintiff. Clearly, plaintiff is well-aware that defendants have deadlines to complete expert discovery, and will incurring expenses simply having counsel and expert travel to the site, and defendants would like to make sure plaintiff is not permitted to interfere with defendants' right to inspect.

**NASH CONNORS, P.C.**

Hon. Mitchell J. Katz
U.S. Magistrate Judge
March 20, 2024
Page 2

Thank you for your consideration.

Respectfully Submitted,

**NASH CONNORS, P.C.**

*/s/ Philip M. Gulisano*

Philip M. Gulisano
gulisano@nashconnors.com

Encs.
cc.    Jesse Ryder, Esq. (via CM/ECF only)

# RYDER LAW FIRM
### 6739 MYERS ROAD
### EAST SYRACUSE, NEW YORK 13057
### ryderlawfirm@gmail.com
### Phone: 315-382-3617
### Fax: 315-295-2502

March 4, 2024

Philip M. Gulisano, Esq.
Nash Connors, P.C.
344 Delaware Avenue, Suite 400
Buffalo, New York 14202

**Re: Compagni v. Town of Cortlandville, et al., 5:20-cv-00489-AMN-MJK**

Dear Phil:

As a condition precedent for filing a Rule 26(c) Motion for Protective Order/Limitation of Premises Inspection with respect to Defendants' intended inspection of Plaintiff Steven Compagni's storage and maintenance yard at 1819 Route 13 Cortland New York 13045, please consider and accept the following conditions and limitations to said inspection. Such conditions and limitations are vitally necessary: (1) to ensure for both the health and safety of Defendants' inspectors, and (2) to ensure that Plaintiff remains compliant with his obligations under Economy Paving's 2024 Corporate Health and Safety protocols as they reflect and incorporate the mandated local, state, and federal laws pertaining to health and safety in the construction trades. This letter serves as a good faith conferral in a preemptive attempt to resolve any disputes the parties may have with respect to limiting and conditioning Defendants' intended inspection. See, Fed. R. Civ. Proc. Rule 26(c)(1).

Given that the Court has granted Defendants' request to conduct an inspection of Plaintiff Steven Compagni's storage and maintenance yard at 1819 Route 13 Cortland New York 13045, the scope and breadth of such inspection is bound by Fed R. Civ. Proc Rule 34. The Court's February 6, 2024 Text Order attests to Rule 34's constraints as it permits Defendants to "inspect, photograph, measure, examine and otherwise survey property relating to any matters at issue in the litigation." See, Dkt. 73, Text Order; Revised Notice of Inspection. Rule 34 provides "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34.

As such, a Rule 34 inspection of property is limited by "the degree to which the proposed inspection will aid in the search for truth" and its scope is "balanced against the burdens and dangers created by the inspection." *New York Assoc. for Retarded Children v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983). Thereby, a Rule 34 inspection is subject to a weighing of the relevance of the information that is likely to be gleaned, and subject to the limitations of Rule 26, which requires that the court limit discovery when "the burden or expense of the proposed discovery

outweighs its likely benefit." See Fed. R. Civ. P. 34(a)(2); *see also* Fed. R. Civ. P. 26(b)(2)(c). Given Rule 26's relevancy requirement, the specific location of inspection is limited to locations elicited by plaintiff's causes of action, *see, for e.g., Solomon v. Nassau County*, 2009 U.S.Dist.LEXIS 125773, at *2-4) (E.D.N.Y. Apr. 14, 2009) and under Rule 34, said inspection request "must describe with particularity" what it seeks to inspect" and "must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1).

Rule 34(a)(2) also prohibits inspection of (a) privileged items, materials, etc., that have been prepared in anticipation of litigation and/or for trial, (b) reveals facts known and opinions held by experts; or (c) "there are special reasons why inspection would cause annoyance, embarrassment, oppression, or an undue expense burden." *Chunn v. Edge*, 2020 U.S. Dist. LEXIS 67896, 2020 WL 1872523, at *1 (E.D.N.Y. Apr. 15, 2020), quoting Charles Alan Wright et al., Federal Practice and Procedure § 2206 (3d ed. 2020).

Considering and complying with the above standards, as well as with the intention of foregoing the need for Plaintiff to file a Motion for Protective Order/Limitation of Inspection with the Court, Plaintiff respectfully requests that Defendants consent and comply with the following conditions prior to, and while undertaking, an inspection of Plaintiff's storage of maintenance yard.

As such, given the highly hazardous and rapidly changing conditions occurring at Plaintiff's maintenance and storage yard, the parties that Defendants designate to conduct the forthcoming inspection must conform to Economy Paving's Health and Safety protocols both before entering the property and while on site. Economy Paving's 2024 Corporate Health and Safety Manual explicitly sets out the health and safety protocols that must be complied with in order to reduce the likelihood that its invitees, guests and employees will succumb to physical harm while on the property.

Therefore, Plaintiff requests that Defendants' designated expert, Kurt Bedore, and, if applicable, his accompanying assistant, must first comply with the following conditions and protocols prior to entry, as well as conform to the following regulations and guidelines while on site when conducting the inspection of Plaintiff's stormwater management system.

Primarily, Economy Paving requires that any individual who traverses beyond the property's front office must have successfully completed:

(1) the Occupational Safety and Health Administration ("OSHA") 30 training and certification process for construction related personnel to ensure workplace safety and mitigation of health risks. See, https://www.osha.gov/dte/outreach_trainers;

(2) Economy Paving's corporate Drug Screening Test;

(3) A personal background check;

(4) A signed Economy Paving's confidentiality agreement;[1] and

(5) A signed waiver limiting liability.

Similarly, the following conditions and restraints will also apply:

---

[1] Confidential Information" shall include any information, material, data, or know-how, including trade secrets and proprietary information, that is not generally known to the public and that is disclosed, either written or orally, to be or appears to a reasonable person to be proprietary or confidential. If Confidential Information is in written form, Economy Paving shall label or stamp the materials with the word "Confidential" or some similar warning. If Confidential Information is transmitted orally, Economy Paving shall promptly provide notice in writing indicating that such oral communication constituted Confidential Information

(A) the location of inspection will be limited to areas contiguous to the property's stormwater management pipe and driveway which had formed the basis of Defendants,' September 2017 land use revocation, and with respect to relevancy, has formed the basis of Plaintiff's claims. As the location of the stormwater pipe, ditch, and catchment area lie outside the active storage and maintenance yard per se, such inspection, as with all prior inspections that had been conducted in the past, will be limited to this location;

(B) The individual's that Defendants designate to conduct the inspection and enter Plaintiff's property must have expertise in inspection stormwater management systems and shall not include the individually named Defendants nor other agents or employees of the Town of Cortlandville and/or the County of Cortland;

(C) the inspection will be video recorded by Economy Paving personnel in order to ensure that if any mishap or harm were to befall the invitee inspectors, a real time documentation would be in place;

(D) Defendants' inspectors must conform with Economy Paving's safety gear requirements including the wearing of protective helmets,[2] construction/traffic control apparel,[3] and safety glasses;

(E) Defendants' inspectors will be accompanied and escorted to and from the predesignated and approved locations on Plaintiff's maintenance and storage yard to ensure that said inspectors remain clear of the yard's restricted areas, i.e., areas subject to moving machinery and trucks, open and unattended excavations and trenches, hazardous materials storage areas, areas with hoisted cranes and other locales subject to materials falling from above, and other hazardous locations; and

(F) Defendants must provide notification two weeks prior to any inspection, including the names of each individual planning to attend the inspection and date and approximate time and duration of the inspection. Defendants must also provide verification of compliance with conditions (1-5) above at least two weeks prior to the inspection.

Thank you in advance for consenting to the above conditions as such strike the required balance between "the degree to which the proposed inspection will aid in the search for truth" and "the burdens and dangers created by the inspection." *New York Assoc. for Retarded Children*, 706 F.2d at 961. Thank you for your prompt attention to this request.

Sincerely,

*Jesse P. Ryder*
Jesse P. Ryder

---

[2] Protective helmets shall meet OSHA standards for impact, electrical shock, and burn protection.

[3] Construction Apparel shall consist of a vest, shirt, or jacket; fluorescent orange-red or fluorescent yellow-green or a combination of these colors meeting the requirements of ANSI 107 Class 2.

Daniel R. Connors
James J. Nash *
Jonathan D. Cox **
Philip M. Gulisano
Andrew J. Kowalewski

**NASH CONNORS**
Attorneys

344 Delaware Avenue, Suite 400
Buffalo, New York 14202
P: (716) 842-4121
F: (716) 842-8750
*(No Electronic Service)*

George W. Collins, Jr.
Michael B. Dixon
Special Counsel

**www.NashConnors.com**
*Powered By Relationships. Driven By Results.*

Amy Pesta
Paralegal

*Also Admitted in Massachusetts
**Also Admitted in Illinois

March 20, 2024

**VIA E-MAIL**
Jesse P. Ryder, Esq.
Ryder Law Firm
6739 Myers Road
East Syracuse, NY 13057

RE:     **COMPAGNI v. CORTLANDVILLE ET AL.**
        **Docket No     :     5:20-cv-00489-AMN-MJK**

Dear Mr. Ryder:

I am in receipt of your correspondence where you unilaterally impose numerous arduous conditions on the inspection of your client's property, which is and has been scheduled for quite some time to take place on March 26, 2024. Please be advised that we will not agree with any of your self-imposed restrictions, which we deem to be wholly unnecessary, overly burdensome, and clearly designed to attempt to either prevent the inspection as a whole or unduly limit the inspection.

As you know, you previously moved to quash the inspection and/or sought a protective order. Your motion was denied, with the exception of the Court removing the language "and for such other purposes" from the inspection notice. At no time in the motion, did plaintiff make any argument that conditions, etc. were needed.

Accordingly, we intend to proceed with the inspection as permitted by the Hon. U.S. Magistrate Judge Mitchell J. Katz in the text order entered on February 6, 2024. Any efforts to prevent, limit or otherwise curtail the inspection will result in defendants making a motion to dismiss plaintiff's action and/or limit proof, and for costs and sanctions.

Thank you.

Very truly yours,

**NASH CONNORS, P.C.**

*/s/ Philip M. Gulisano*

Philip M. Gulisano
gulisano@nashconnors.com