```
 1         Q    Okay.  Well, I mean, is there, have you ever
 2    been kind of the complainant or initiated that process
 3    on your own?
 4         A    There are some times when a situation would
 5    come up at say a board meeting and I would sort of act
 6    as a voice from the planning board or some other board
 7    to the whatever agency that would then follow up.  So
 8    that's just an example of when sort of I would get
 9    involved more up front.  But it wouldn't be, it wouldn't
10    be sort of a direct thing.
11         Q    Okay.  So I'm a little unsure what you were
12    trying to explain there, but I think I might so tell me
13    if I'm right or wrong, that you might make a
14    recommendation to one of the boards or something that a
15    process start taking place, but you, but you typically
16    are not the hands-on person that would initiate all that
17    stuff on your own?
18         A    That's a better way of saying it.
19         Q    Okay.  All right.  Very good.  All right.  All
20    right.  Let's take a look at what has been marked as 55.
21    I'll give you a second to review that and let me know if
22    you've reviewed that recently.  And I'll represent to
23    you, okay, just out of fairness to you and for brevity
24    as well we're going to look at page one and page two of
25    that document.  That just happens to be, you know, that
```

```
 1   package there.
 2       A    I have reviewed this previously.
 3       Q    Okay.  And what does that purport to be?
 4       A    These are minutes of a planning board meeting
 5   that occurred on October 20th, 2014.
 6       Q    Okay.  And you were there as a planning board
 7   member?
 8       A    Yes.
 9       Q    Okay.  And this was back when Folmer was town
10   attorney, right?
11       A    Correct.
12       Q    And then we're going to look at page two at the
13   top there.  We look at 1657 Hillside, LLC, applicant,
14   reputed owner, Economy Paving, do you see that?
15       A    Yes.
16       Q    What's your understanding from reading this
17   kind of caption here what this involves?
18       A    Looks, just reading the caption looks like
19   Economy Paving or Hillside, LLC made some sort of
20   informal or formal conditional permit application
21   regarding outside storage at a property located on Route
22   13.
23       Q    Okay.  And you see that address is 1657, right?
24       A    Yes.
25       Q    Okay.  All right.  So, and you know Matt
```

```
 1   Newman?
 2        A    I do.
 3        Q    Okay.  And who is Matt Newman?
 4        A    Matt Newman as a local attorney in Cortland.
 5        Q    Okay.  All right.  And here underneath it says
 6   "board member John DelVecchio recused himself from
 7   consideration and deliberation on this matter and took a
 8   seat in the audience due to a conflict of interest," do
 9   you see that?
10        A    I do.
11        Q    And then at the bottom you can see there's
12   votes and then it says recused member DelVecchio, do you
13   see that?
14        A    I see that.
15        Q    All right.  Why did you recuse yourself that
16   day?
17        A    I don't know.
18        Q    Okay.  Would it have something to do with the
19   subject matter that's here in the caption?
20        A    I would assume so, but again I don't remember
21   this application and I really don't remember why I
22   recused.
23        Q    But you felt it was important enough to
24   actually recuse yourself, right?
25        A    I would think so.
```

```
 1        Q    Well, it says it right here, right?
 2        A    I see what it says.
 3        Q    And then we looked at Exhibit 21 and you
 4   mentioned that, you know, you had represented Barden,
 5   but then decided that that matter wasn't kind of
 6   significant enough to impede or to trigger, let me put
 7   it that way, any kind of like conflict of interest
 8   issue, true?
 9             MR. GULISANO:  Objection.
10        A    I'll refer to my testimony on that matter.
11        Q    Yeah.  And then here apparently whatever this
12   issue is, I mean, is it fair to say that it must be more
13   significant because here you did go ahead and recuse
14   yourself?
15        A    One would think so, but again I do not remember
16   why.
17        Q    Okay.  And if you look at the date we're in
18   2014.  What was the date of 21 right there that I handed
19   you, what was the date of that one?
20        A    You're referring to the previous minutes where
21   I, where you asked me questions and I testified --
22        Q    Yeah, yep.
23        A    -- regarding Exhibit 21, it was December 17th,
24   2013.
25        Q    Okay.  So not quite a year, but pretty close to
```

1    a year, right?

2    A    Correct.

3    Q    Okay. So you've been on the planning board now
4    for not quite a year, but it looks like maybe ten months
5    or so. And here you did make a determination to recuse
6    yourself from making a vote on the application of
7    Economy Paving for a conditional use permit, true?

8    A    That's what I'm reading, but again I do not
9    remember.

10    Q    All right. Very good. Let's take a look at
11    12. I'm assuming you reviewed that in preparation for
12    today?

13    A    I'm going to review it now.

14    Q    And I'll make a representation to you that
15    we'll look at the first page and then we'll look at the
16    second to the last page so that you don't have to, eight
17    of nine, so you don't have to sit there and waste your
18    time going through it. Unless you would like to. I'm
19    sure you have looked at a lot of minutes over the years.

20    A    I have. Yes, I reviewed this prior to this
21    deposition.

22    Q    All right. And what is that?

23    A    It appears to be minutes of a meeting, planning
24    board meeting in the Town of Cortlandville, August 29th,
25    2017.