# **RYDER LAW FIRM**

**6739 MYERS ROAD**
**EAST SYRACUSE, NEW YORK 13057**
ryderlawfirm@gmail.com
**Phone: 315-382-3617**
**Fax: 315-295-2502**

April 3, 2024

Philip M. Gulisano, Esq.
Nash Connors, P.C.
344 Delaware Avenue, Suite 400
Buffalo, New York 14202

      **RE:** **Compagni v. Cortlandville et al.**
            Meet & Confer Letter

      In conformity with Magistrate Katz's Text Order, dated April 1, 2024, wherein the Magistrate directed the parties to confer in '*good faith in accordance with LR 37.1 before seeking court intervention,"* Dkt. 81, please accept this letter as a formal meet and confer sent with the intention of resolving Defendants' reluctance of disclosing the sum and substance of what appears to be Defendant Delvecchio's recurring conflicts of interest while serving on Cortlandville's Planning Board.

      As you recall, at his April 12, 2023 deposition, Defendant Delvecchio testified that when serving as a member of Defendant Cortlandville's Planning Board, he recused himself from hearing and voting on an application sought by Plaintiff regarding the construction of outside storage on Economy Paving's property located at 1819 NY-13, Cortland, NY 13045. The minutes of that October 28, 2014 application and vote are attached to this letter as Exh. 1. Given that the October 28, 2014 minutes were silent as to the rationale for Mr. Delvecchio's recusal, at his deposition, Mr. Delvecchio was asked to disclose his rationale for recusing himself on Plaintiff's application. In response, and after being given several opportunities to refreshen his recollection as to his rationale, Mr. Delvecchio steadfastly refrained that he had no recollection as to why he recused himself on that date.

      Nevertheless, as the April 12, 2023 deposition proceeded, unlike his steadfast incognizance as to his reasons for recusing himself on October 28, 2014, Mr. Delvecchio's recall as to other instances of conflict of interest were otherwise crystal clear and articulable. For example, Mr. Delvecchio testified that he recalled advising the Board at its December 17, 2013 meeting of a potential conflict wherein John Barden, a client of Mr. Delvecchio's law practice, sought a change to his conditional use permit. Although absent from the minutes of that meeting were any indication that either Mr. Delvecchio recused himself or any record as to his rationale

1

for abstaining from recusal, Mr. Delvecchio, at his deposition, was able to recall and articulate his rationale for <u>not</u> recusing himself on the Barden application. The minutes of that December 17, 2013 application and vote are attached to this letter as Exh. 2.

Given that Plaintiff's allegations and instant claims are inextricably reliant upon the excessiveness of the conflict of interests that permeated Cortlandville's Planning Board on account of its Defendant members wholly ignoring both the Board and the Town's policies and protocols on conflict of interest, Plaintiff requested Mr. Delvecchio to produce a more thorough response in order to allow him further opportunity to fully investigate and uncover Mr. Delvecchio's rationale for recusal of Plaintiff's October 28, 2014 application before the Board.

As you well aware, Defendants categorically rebuffed Plaintiff's request for a more thorough response upon several occasions citing categorically, without further explanation that Mr. Delvecchio has no recollection of the underlying rationale for his October 28, 2014 recusal, period! Plaintiff's requests for a more thorough response are attached to this letter as Exh. 3. Such outright refusal to further explore Plaintiff's most reasonable request belies the circumstances at bar; to wit, Mr. Delvecchio is a practicing attorney and partner in the law firm, Cardinale & Delvecchio, PLLC in Cortland, New York and thus, a strong assumption exists that Mr. Delvecchio is in possession of both yearly calendars and files that would otherwise permit him an ability to conduct a search in order to refresh his recollection as to the rationale for his October 28, 2014 recusal.

As such, and on account that Defendants are bound to abide by the following law, Plaintiff respectfully requests that Defendants provide him with a more thorough response as to the rationale for Mr. Delvecchio's recusal from considering Plaintiff's October 28, 2014's application to Defendant Planning Board. Additionally, as the following law makes plain, were Defendants to rebuff Plaintiff's Meet and Confer request, Plaintiff's forthcoming Motion to Compel is very much legally supported, as is Rule 37's provision of reasonable fees and costs.[1]

Thus, in contrast to Defendants categorical 'lack of recall' as their sole grounds for refusal to disclose a further response, Fed. R. Civ. P. 26(b)(1) most explicitly provides for a liberally broad discovery, i.e.,

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

---

[1] Rule 37 of the Federal Rules of Civil Procedure authorizes the imposition of a variety of different sanctions on a party who fails to comply with his or her discovery obligations." *Richard v. Dignean*, 2017 U.S.Dist.LEXIS 113207 at *3(W.D.N.Y. July 20, 2017); *see also, Lujan v. Cabana Mgmt, Inc*., 284 F.R.D. 50, 68 (E.D.N.Y. 2012) ("A party found to have violated its Rule 26 obligations is subject to sanctions under Rule 37."). "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mks. Grp. Inc*., 181 F.3d 253, 267 (2d Cir. 1999).

Thus, under the liberal standards of Fed. R. Civ. P. 26(b)(1), disclosure pertaining to a defendant's conflict of interest is very much discoverable. *See, for e.g., Michanczyk v. Metro. Life Ins. Co*. 2007 U.S.Dist.LEXIS 21197, at *5-6 (D.Conn. Mar. 26, 2007). Where like here, a party resists disclosure by relying upon a mere lack of recall, the resisting party has a more exacting burden of explaining its objections and to provide support therefore." *Shannon v. New York City Transit Authority*, 2001 U.S. Dist. LEXIS 3162, 2001 WL 286727, at *1 (S.D.N.Y. Mar. 22, 2001); *see also Compagnie Francaise D'Assurance v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (defendant's "conclusory allegations of undue burden and irrelevance are insufficient grounds to sustain its objection in the face of what is, in view of the scope of this lawsuit, such a specific request").

Furthermore, given that the purpose of Rule 33 interrogatories is to obtain a party's admissions and contentions under oath and to narrow the issues in the case, *see Black v. Buffalo Meat Services, Inc*., 2016 U.S. Dist. LEXIS 108526, 2016 WL 4363506, at *7 (W.D.N.Y. Aug. 16, 2016), when answering an interrogatory, a party is required to review all sources of information reasonably available and provide responsive information. *See Upstate Shredding, LLC v. Northeastern Ferrous, Inc*., 2016 U.S. Dist. LEXIS 26042, 2016 WL 865299, at *8 (N.D.N.Y. Mar. 2, 2016) (party responding to Rule 33 interrogatories is required "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories . . ."). Thus, given that Defendants are "under a duty to make a reasonable inquiry concerning the information sought in the interrogatories" as well as "to describe [its] efforts to obtain the information sought," such failure to do so "renders [Defendants'] responses insufficient." *Zanowic v. Reno,* 2000 U.S. Dist. LEXIS 13845, 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000)("plaintiff defends his limited response, in part, by claiming lack of knowledge. . . . In responding to interrogatories, however, a party is under a duty to make a reasonable inquiry concerning the information sought in interrogatories, and a party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient."); *Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp*., 264 F.R.D. 233, 239 (W.D.N.C. 2010)(the burden is on the party answering interrogatories "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories from" from former employees of that party); *In re Auction Houses Antitrust Litig*., 196 F.R.D. 444, 445 (S.D.N.Y. 2000)("where a party, despite conducting a diligent inquiry, is nevertheless unable to provide a responsive answer, any efforts utilized should be set forth in detail to ensure a sufficient response is interposed").

In *Richard v. Dignean* 332 F.R.D. 450, 460 (W.D.N.Y. 2019), the court was faced with a circumstance similar to that at bar, i.e., a responding party's reliance upon a response of "Don't know," without further explanation. In response, the court required defendant to provide a description of his efforts to obtain the information sought by Interrogatories. *Id., citing Braham v. Perelmuter*, 2016 U.S. Dist. LEXIS 44476, 2016 WL 1305118, at *3 (D. Conn. Apr. 1, 2016) ("defendants do not elaborate as to whether the information is available to defendant, or whether he did make any attempt to ascertain this information.") Thus, the *Richard* court held that defendant's bare, "Don't know" answers were insufficient responses as they not only "fail[ed] to adequately respond to Plaintiff's interrogatories, but [defendant] also did not demonstrate that he undertook a diligent inquiry in compiling those answers." *Id., citing, Zanowic*, 2000 U.S. Dist.

3

LEXIS 13845, 2000 WL 1376251, at *3 n.1 (while parties are not required to provide information not known to them, they must make a diligent effort to answer the interrogatories and outline their efforts if unable to obtain the sought after information).

The above law makes it glaringly clear that Defendants' reliance on Defendant Delvecchio's recitation of "don't recall" is patently insufficient and will most reasonably elicit a positive result for Plaintiff upon a Motion to Compel.

Lastly, in addition to the above law that unequivocally requires Defendants to produce a more thorough response with respect to Mr. Delvecchio's conflict of interest while seated on Cortlandville's Planning Board, Defendant Delvecchio, as a practicing attorney barred in the State of New York, is further circumscribed by NY State law and professional responsibility to disclose and steer clear of conflict of interests.

Primarily, while serving the public interest as a Planning Board member for the Town of Cortlandville, Mr. Delvecchio was (is) bound by Public Officers Law 74 which prescribes the standards for officers and employees of all State agencies "to prevent even the appearance of the slightest taint of impropriety from infecting the decision-making process in our government." *Nicholas v. Kahn*, 47 N.Y.2d 24, 32–33, 389 N.E.2d 1086, 1090–91 (1979). Public Officers Law 74(2) provides "No officer or employee of a state agency * * * should have any interest, financial or otherwise, direct or indirect, or engage in any business or transaction or professional activity or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his duties in the public interest." N.Y. Pub. Off. Law 74(2).[2] Thus, where a conflict arises that elicits , N.Y. Pub. Off. Law §§ 74(2) or 74(3), such public official must duly recuse themselves. *See for e.g., Kastoff v. New York State Dept. of Social Services,* 195 A.D.2d 808, 600 N.Y.S.2d 349 (3d Dep't 1993); *see also*, N.Y. Pub. Off. Law § 74(4) ("in addition to any penalty contained in any other provision of law any such officer, member or employee who shall knowingly and intentionally violate any of the provisions of this section may be fined, suspended or removed from office or employment in the manner provided by law.") Given the above restrictive requirements of Pub. Off. Law with respect to conflict of interest, it is wholly insufficient for Defendants to refuse to disclose the details of Mr. Delvecchio's conflict recusal when seated as a Cortlandville municipal Planning Board member.

Additionally, under New York State's Code of Professional Responsibility, Mr. Delvecchio, as a licensed attorney, is bound by the Code's strict requirements pertaining to

---

[2] Public Officers Law § 74(3) further provides standards of conduct which address not only actual but apparent conflicts of interest, including:(a) No officer or employee of a state agency . . . should accept other employment which will impair his independence of judgment in the exercise of his official duties. (d) No officer or employee of a state agency . . . should use or attempt to use his official position to secure unwarranted privileges or exemptions for himself or others; (f) An officer or employee of a state agency . . . should not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties, or that he is affected by the kinship, rank, position or influence of any party or person; (h) An officer or employee of a state agency . . . should endeavor to pursue a course of conduct which will not raise suspicion the

among the public that he is likely to be engaged in acts that are in violation of his trust.

4

conflict of interest. Thus, the Code's Disciplinary Rules state that "a lawyer shall decline proffered employment if the exercise of professional judgment on behalf of a client will be OR is likely to involve the lawyer in representing differing interests." Code of Professional Responsibility DR 5–105(A) (22 NYCRR § 1200.24). *See also*, DR 5–105(C)(conflict disclosure intended to protect clients from an attorney who is incapable of zealously representing the potentially competing interests of each client).

Therefore, as a practicing attorney while undertaking his public duties as a Cortlandville Planning Board member, Mr. Delvecchio was simultaneously charged with complying with the NYS Code of Professional Responsibility which required him to not only wholly refrain from engaging in situations eliciting conflict of interest, but to disclose even the semblance of an appearance of conflict. Thus, given Mr. Delvecchio's obligations under New York's Professional Responsibility Code, as well as his engagement in a sizeable law practice that reasonably organizes its client's files and yearly calendars in a systematic way, it simply defies reason that Mr. Delvecchio is unable (or unwilling) to disclose the factual circumstances underlying his recusal from considering Plaintiff's petition before Cortlandville's Planning Board in October 28, 2014. Such silence is particularly glaring where Plaintiff has raised issues of fact concerning Mr. Delvecchio's compliance with his conflict requirements that incontrovertibly strike at the heart of Plaintiff's claims at bar.

Given the above, Plaintiff is hopeful that Defendants will reconsider their reluctance to provide Plaintiff with a more thorough response to his follow up interrogatory served on or about October 5, 2023. The Letter requesting a more thorough response of October 5, 2023 is attached to this letter as Exh. 3.

Thank you for your attention to this matter.

Sincerely,

*Jesse P. Ryder*
Jesse P. Ryder