# Amy Pesta

**From:** Philip M. Gulisano
**Sent:** Friday, October 4, 2024 10:45 AM
**To:** Amy Pesta
**Subject:** FW: Compagni v. Cortland et al.

**From:** Philip M. Gulisano
**Sent:** Friday, June 21, 2024 2:20 PM
**To:** Jesse Ryder <ryderlawfirm@gmail.com>
**Subject:** RE: Compagni v. Cortland et al.

Hi Jesse,

It is unclear to me what you are asking me to do.  A meet and confer is typically to resolve an objection over a discovery demand.  Here, while we did assert a general objection, my response after the objection was as follows:

…at present defendants do not have any documents responsive to your demand.  Also, defendants are not aware of any witnesses with information, other than possibly the board member and Town officials present at the meeting in question and/or members of the public who were present.

I am not sure, beyond that, what you are looking for.  In your April 3 letter, you refer to this as "Defendants' reluctance of disclosing the sum and substance of" what you perceive as a conflict and the reasons why Mr. Delvecchio recused himself from the October 2014 meeting.  He testified he does not recall.  I am not sure what other explanation there could possibly be that you are looking for.

I can be available to discuss this on the phone with you from 1 pm to 330 pm on Monday, June 24 or from 10 am to Noon on June 25, if you would like to discuss this further.

Thank you.

Phil

---------------------------------------------------------------------------------------------------



**Philip M. Gulisano, Esq.**
Nash Connors, P.C.
344 Delaware Avenue, Suite 400
Buffalo, New York 14202
(716) 842-4121 ext. 114
(716) 432-0922 cell
(716) 842-8750 fax
Email: gulisano@nashconnors.com
Website: www.nashconnors.com

The information contained in this message is privileged and/or confidential and is intended only for the use of the individual or entity to whom it is addressed.  If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited. If you have received this message in error, please notify my office immediately by reply e-mail and delete the message. Thank you.

1

**From:** Jesse Ryder <ryderlawfirm@gmail.com>
**Sent:** Monday, June 17, 2024 8:11 AM
**To:** Philip M. Gulisano <gulisano@nashconnors.com>; Seifert Eric R. <ericrseifert@hotmail.com>
**Subject:** Re: Compagni v. Cortland et al.

Good morning Phil. Please respond to my meet and confer letter sent on April 3, 2024. Thank you.

## Ryder Law Firm
Jesse P. Ryder, Esq.
6739 Myers Road
E. Syracuse, NY 13057
(315) 382-3617
(315) 295-2502 (fax)

This email message and any attachments are intended solely for the use of the addressee named above and contains information that is privileged and confidential.  If you are not the intended recipient, any distribution, forwarding, dissemination, or copying is strictly prohibited.  If you received this email message in error, please notify  the sender immediately by replying to this email message or by telephone.  Thank you

On Wed, Apr 3, 2024 at 10:27 AM Jesse Ryder <ryderlawfirm@gmail.com> wrote:

> Attached please find Plaintiff's response to your March 29th email in accordance with Judge Katz's Text Order to meet and confer.
>
> ## Ryder Law Firm
> Jesse P. Ryder, Esq.
> 6739 Myers Road
> E. Syracuse, NY 13057
> (315) 382-3617
> (315) 295-2502 (fax)
>
> This email message and any attachments are intended solely for the use of the addressee named above and contains information that is privileged and confidential.  If you are not the intended recipient, any distribution, forwarding, dissemination, or copying is strictly prohibited.  If you received this email message in error, please notify  the sender immediately by replying to this email message or by telephone.  Thank you
>
> On Fri, Mar 29, 2024 at 2:12 PM Philip M. Gulisano <gulisano@nashconnors.com> wrote:
>
>> Jesse,
>>
>> In response to your letter dated October 5, 2023, I object to the request insofar as it is ambiguous, overly broad and calls for documents and things wholly irrelevant to this case.  Subject to, and without waiving the objection, at present defendants do not have any documents responsive to your demand.  Also, defendants are

2

not aware of any witnesses with information, other than possibly the board member and Town officials present at the meeting in question and/or members of the public who were present.


Thank you and please let me know if you have any questions.


Phil

3